Angela Schwartz (Bar No. 234650)
Stephen Ronfeldt (Bar No. 41044)
THE PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-2038
Tel.: (510) 891-9794
Fax: (510) 891-9727
Email: aschwartz@pilpca.org
sronfeldt@pilpca.org

Alice Bussiere (Bar No. 114680)
Corene Kendrick (Bar No. 226642)
YOUTH LAW CENTER
200 Pine Street, Suite 300
San Francisco, CA 94104-2741
Tel.: (415) 543-3379
Fax: (415) 956-9022
Email: abussiere@ylc.org
ckendrick@ylc.org

Richard A. Rothschild (Bar No. 67356)
Nu Usaha (Bar No. 190094)
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010-2809
Tel.: (213) 487-7211
Fax: (213) 487-0242
Email: rrothschild@wclp.org
nusaha@wclp.org

Attorneys for Petitioner/Plaintiff Joshua Leonard

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSHUA LEONARD,

Petitioner/Plaintiff,

vs.

JOHN WAGNER, Director, California Department of Social Services; and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,

Respondents/Defendants.

Case No.: C07 4490 JCS

**NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**

DATE: October 26, 2007
TIME: 9:30 a.m.
PLACE: Court Room A, 15th Floor
JUDGE: Honorable Joseph C. Spero

**NOTICE OF MOTION AND MOTION FOR REMAND**

Please take notice that on October 26, 2007 at 9:30 a.m. or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Joseph C. Spero, plaintiff will move the Court to remand this action to the San Francisco Superior Court on the grounds that defendants' removal pursuant to 28 U.S.C. § 1441(b) lacks authority and is invalid. This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and the declaration of Angela Schwartz and all such further evidence and arguments as may be submitted.

**RELIEF SOUGHT**

Plaintiff requests that this Court remand this civil action to the San Francisco Superior Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION FOR REMAND**

**INTRODUCTION AND SUMMARY OF ISSUES**

Defendants improperly removed this action, which was originally filed in the San Francisco Superior Court. Where, as here, the named plaintiff lacks Article III standing, remand is mandatory. 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). *See, e.g., Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Services*, 876 F.2d 1051, 1054 (1st Cir. 1989) (remand mandatory where Article III standing is lacking). In such instances, where the plaintiff has standing in state court under California law, the U.S. District Courts in California routinely remand actions to state courts. *See*, *Brain Injury Policy Institute v. Shewry*, No. C 06-2973 SI, 2006 WL 2237732 (N.D.Cal. 2006); *Mortera v. North America Mortgage Co.*, 172 F. Supp. 2d 1240, 1242-44 (N.D. Cal. 2001); *Langford v. Gates*, 610 F. Supp. 120, 121-23 (C.D. Cal. 1985).

Plaintiff/Petitioner Joshua Leonard brought suit in San Francisco Superior Court under California Code of Civil Procedure § 526a (authorizing taxpayer suits for injunctive relief) and § 1085 (authorizing writs brought by beneficially interested persons to challenge agency action) and did not allege that he suffered a personal or direct injury resulting from the State's unlawful discrimination against foster youth with disabilities. This is exactly like the plaintiffs in *Brain Injury Policy Institute v. Shewry*, in which this Court held that plaintiffs did not have federal standing because they "chose to sue on behalf of the general public or as taxpayers." 2006 WL 2237732 at *4. Leonard lacks standing for the precise reason as the plaintiffs in *Brain Injury Policy Institute* and, accordingly, remand is mandatory.

**STATEMENT OF FACTS**

On July 25, 2007, Leonard brought suit in San Francisco Superior Court to challenge the State of California's violation of state and federal anti-discrimination laws by failing to make

reasonable modifications to provisions of the State's Aid to Families with Dependent Children-Foster Care ("AFDC-FC") program. California's AFDC-FC program funds the placement for youth who have been abused, neglected, and removed from their homes by the State by providing financial support through foster care maintenance payments to the individuals caring for the youth. Foster youth who are in school can continue to receive AFDC-FC benefits after the age of 18, but only if they can show they are expected to complete their educational program by their 19th birthday. Cal. Welf. & Inst. Code § 11403. This rule, known as the "completion rule," deprives foster children with disabilities who cannot be expected to complete school by age 19 because of their disabilities the same opportunity that their peers without disabilities have to participate in the AFDC-FC program between the ages of 18 and 19. The completion rule effectively deprives foster youth with disabilities of their only home and the opportunity to develop a more comprehensive and stable transition plan that comes with an additional year of AFDC-FC benefits. Petition for Writ of Mandate and Verified Complaint for Declaratory and Injunctive Relief, Para. 1, 3-4 (Exh. A to Defendants' Notice of Removal).

Leonard brought suit under two California statutes which allow him to seek prospective relief challenging unlawful agency action on behalf of the public even though he may not have suffered a direct injury from the challenged action. Cal. Code of Civ. Proc. § 526a (authorizing taxpayer suits for injunctive relief) and § 1085 (authorizing writs brought by beneficially interested persons to challenge agency action). The complaint does not allege that Leonard suffered a personal or direct injury resulting from the State's unlawful discrimination against foster youth with disabilities.

On July 25, 2007, plaintiff's attorneys advised defendants that Leonard lacked Article III standing and, given the outcome of *Brain Injury Policy Institute*, a removal attempt would be unsuccessful and would do nothing but delay the resolution of this matter in the most timely and efficient manner. Declaration of Angela Schwartz, attached as Exh. A. Despite this, on August 29, 2007, before answering or otherwise responding in state court, defendants removed the action under 28 U.S.C. § 1441(b) on the sole ground of federal question jurisdiction.

Plaintiff therefore requests remand of this action to state court.

## ARGUMENT

## REMAND IS MANDATORY SINCE PLAINTIFF LACKS ARTICLE III STANDING

### A. Remand is Mandatory Absent Article III Standing

A federal district court must remand a case if, at any time, it appears that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removal provisions are "strictly construed against removal jurisdiction" and any doubt is resolved in favor of remand. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979). Defendants have the burden to prove that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). When determining whether a particular case may be removed, the courts ordinarily use the "well-pleaded complaint" rule, looking only to the allegations contained on the face of the complaint. *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9-10 (1983). Defendants must, therefore, convincingly show that the case, as filed, could have originally been brought in federal court. They cannot.

Federal court jurisdiction is limited by the case-or-controversy requirement of Article III of the U.S. Constitution. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Absent Article III standing, the federal district court lacks subject matter jurisdiction and the case cannot be removed. *See, e.g., Maine Ass'n of Interdependent Neighborhoods*, 876 F.2d at 1054 (then Circuit Judge Breyer ordering remand because the organizational plaintiff lacked Article III standing but may have state court standing); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 540 (3d Cir. 1994) (remand mandatory absent Article III standing); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 496 (6th Cir. 1999) (same). When federal, but not state, court standing is lacking, U.S. District Courts in California routinely remand actions to state courts. *See, e.g., Brain Injury Policy Institute*, 2006 WL 2237732, at *1,4 (remanding action brought by "representatives of the public interest under California Code of Civil Procedure § 1085" to state court as plaintiffs lacked Article III standing because they "chose to sue on behalf of the general public or as taxpayers"); *Mortera*, 172 F. Supp. 2d at 1242-44 (and cases cited therein) (citing several cases

ordering remand where plaintiffs have standing to sue in state but not federal court); *Langford*, 610 F. Supp. at 121-23; *People of the State of California v. Beltz Travel Service, Inc.*, 379 F. Supp. 948, 950 (N.D. Cal. 1974) (prospective claims brought by taxpayer lacked Article III standing and were removed "without jurisdiction").

**B. The Individual Plaintiff, Joshua Leonard, Does Not Have Article III Standing**

Article III standing requires a showing of (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61. The absence of any one element deprives a plaintiff of Article III standing. *Whitmore v. Federal Election Comm'n.*, 68 F.3d 1212, 1215 (9th Cir. 1995). In addition to the constitutional limitations on standing, there are also prudential limitations, which include a requirement that "the plaintiff must assert his own rights and not rest his claim to relief on the legal rights or interests of third parties." *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 952 (C.D. Ca. 1999). Leonard does not claim that he has ever suffered injury as result of the State's unlawful denial of AFDC-FC benefits to foster youth with disabilities after the age of 18 because they cannot demonstrate that they will complete their schooling by the time they turn 19 years old. Further, the claims for relief rest solely on the legal rights or interests of third parties since Leonard brings this case solely as a taxpayer and as a person challenging the state's unlawful discrimination in the public interest. Petition for Writ of Mandate and Verified Complaint for Declaratory and Injunctive Relief, Para 8-10, attached as Exh. A to Defendants' Notice of Removal of Action.

An allegation of taxpayer standing under California law, without more, does not establish standing for federal court jurisdiction. *Langford*, 160 F. Supp. at 121. Further, "while it may generally be true that one who has standing to seek a writ of mandate also has Article III standing, the two types of standing are not always equivalent." *Brain Injury Policy Institute*, 2006 WL 2237732, at *4. The California Supreme Court has made it clear that Article III standing is not necessary under California Code of Civil Procedure § 1085, and plaintiff's

petition pled no facts establishing that standing. *Id.*, *quoting Green v. Obledo*, 29 Cal.3d 126, 144 (Cal. 1981) ("while it may generally be true that one who has standing to seek a writ of mandate also has Article III standing, the two types of standing are not always equivalent. '[T]his court [has] recognized an exception to the general rule 'where the question is one of public right and the object of the mandamus is to procure the enforcement of a public duty, the relator need not show that he has any legal or special interest in the result, since it is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced'").

In *Brain Injury Policy Institute*, an individual, who was also the Executive Director of an organization that provides comprehensive community-based treatment and support services to people with cognitive disabilities, sued state health officials alleging that the State's policy of denying intermediate care facility services from state Medi-Cal coverage for developmentally disabled persons whose disability originated between the ages of 18 and 22 violated federal Medicaid law. The State removed the case to federal court on the grounds of federal question jurisdiction, but this Court granted plaintiffs' motion for remand holding that the plaintiffs lacked standing since the complaint did not "allege any injury to [the Brain Injury Policy Institute] or any of the individual plaintiffs, and instead expressly allege[d] that each plaintiff brings suit on behalf of the general public and/or as a taxpayer." 2006 WL 2237732, at *3. The Court did not find the fact that the plaintiff "could have filed suit in his capacity as the Executive Director" relevant since "he did not, and instead filed suit only in his individual capacity as a citizen and taxpayer." *Id.*, at *3. The Court was similarly un-persuaded by the fact that "plaintiffs could have alleged injury sufficient to confer Article III standing" since the "complaint [was] devoid of any such allegations and [the plaintiffs] instead chose to sue on behalf of the general public or as taxpayers." *Id.*, at *3. This Court found that choice to be controlling, holding that the "Court finds it appropriate to limit its review on standing to the face of the complaint." *Id.*, at *4.

This case presents the same situation. Leonard does not allege any injury to himself, and expressly brings this suit on behalf of the general public and as a taxpayer. Further, while

Leonard serves as the Executive Director of Bay Area Youth Centers, the organization did not choose to file suit. Instead, Leonard chose to file suit in his individual capacity as a taxpayer and as a citizen beneficially interested in preventing discrimination against foster youth with disabilities. Plaintiff therefore lacks Article III standing.

**CONCLUSION**

Since the named plaintiff lacks Article III standing, remand is mandatory.

Dated: 9/12/07

Respectfully Submitted,

BY: /s/ Angela Schwartz

Angela Schwartz
Stephen Ronfeldt
THE PUBLIC INTEREST LAW PROJECT

Alice Bussiere
Corene Kendrick
THE YOUTH LAW CENTER

Richard A. Rothschild
Nu Usaha
THE WESTERN CENTER ON LAW AND POVERTY