Angela Schwartz (Bar No. 234650)
Stephen Ronfeldt (Bar No. 41044)
THE PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-2038
Tel.: (510) 891-9794
Fax: (510) 891-9727
Email: aschwartz@pilpca.org
       sronfeldt@pilpca.org

Alice Bussiere (Bar No. 114680)
Corene Kendrick (Bar No. 226642)
YOUTH LAW CENTER
200 Pine Street, Suite 300
San Francisco, CA 94104-2741
Tel.: (415) 543-3379
Fax: (415) 956-9022
Email: abussiere@ylc.org
       ckendrick@ylc.org

Richard A. Rothschild (Bar No. 67356)
Nu Usaha (Bar No. 190094)
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010-2809
Tel.: (213) 487-7211
Fax: (213) 487-0242
Email: rrothschild@wclp.org
       nusaha@wclp.org

Attorneys for Petitioner/Plaintiff Joshua Leonard

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEONARD,<br><br>    Petitioner/Plaintiff,<br><br>    vs.<br><br>JOHN WAGNER, Director, California Department of Social Services; and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>    Respondents/Defendants. | Case No.: C07 4490 JCS<br><br>**DECLARATION OF ANGELA SCHWARTZ**<br><br>DATE:    October 26, 2007<br>TIME:    9:30 a.m.<br>PLACE:   Court Room A, 15th Floor<br>JUDGE:   Honorable Joseph C. Spero |

1

I, Angela Schwartz, state as follows:

1. I am co-counsel in the above entitled action and admitted to practice under the laws of the State of California.

2. On July 25, 2007, I sent a letter to Larry Bolton, General Counsel for the California Department of Social Services, a copy of which is attached to this declaration, advising defendants that they lacked a reasonable basis for removing this action to federal court since the named plaintiff lacks Article III standing.

3. After receiving my letter, defendants removed the action under 28 U.S.C. § 1441(b) on August 29, 2007 on the sole ground of federal question jurisdiction, before answering or otherwise responding in state court.

In accordance with 28 U.S.C. § 1746, I hereby declare and affirm under penalty of perjury that the above statements are true and correct to the best of my knowledge, information and belief.

Signed this  12  of September, 2007


 /s/ Angela Schwartz 
Angela Schwartz

**EXHIBIT A**



# The Public Interest Law Project

The Public Interest Law Project and
California Affordable Housing Law Project
449 – 15th Street, Suite 301
Oakland, CA 94612

Phone (510) 891-9794
Fax (510) 891-9792

www.pilpca.org

**Michael Rawson**
*Co-Director*
Extension 145
mrawson@pilpca.org

**Stephen Ronfeldt**
*Co-Director*
Extension 127
sronfeldt@pilpca.org

**Deborah Collins**
*Staff Attorney*
Extension 156
dcollins@pilpca.org

**Craig Castellanet**
*Staff Attorney*
Extension 132
ccastellanet@pilpca.org

**Angie Schwartz**
*Staff Attorney*
Extension 125
aschwartz@pilpca.org

July 25, 2007

VIA U.S. MAIL AND ELECTRONIC MAIL

Mr. Larry Bolton
General Counsel
California Department of Social Services
744 P St.
Sacramento, CA 95814
FAX: (916) 657-2281

Re: *Leonard v. Wagner*

Dear Mr. Bolton:

This is to advise you of our position that Respondents in the above referenced matter lack a reasonable basis for removing this case to federal court. A removal attempt would be unsuccessful and would do nothing but delay the resolution of this matter in the most timely and efficient manner. In addition, removal may be costly to the state since it may result in an award of attorneys fees.

A suit filed in state court may be removed to federal court only if the federal court would have had original subject matter jurisdiction over that suit. 28 U.S.C. §1441; *Snow v. Ford Motor Co.*, 561 F.2d 787 (9th Cir. 1977). The party invoking the removal jurisdiction has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal jurisdiction and any doubt is resolved in favor of remand to state court. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988); *Boggs v. Lewis*, 863 F.2d 662 (9th Cir. 1988); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062 (9th Cir. 1979). Standing is a threshold issue faced before reaching substantive matters, *Stoianoff v. Montana*, 695 F.2d 1214 (9th Cir. 1983), and the burden of establishing constitutional standing rests with the party seeking removal. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). The constitutional prerequisites for standing are (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or admissions; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan*, 504 U.S. at 560-61.

The instant case, *Leonard v. Wagner*, is brought in California Superior Court by a taxpayer on behalf of the general public, and the complaint does not allege injury to the plaintiff. The fact that Mr. Leonard works for an organization that is indirectly affected by the completion rule is not sufficient to meet federal standing under Article III of the U.S. Constitution. *See, e.g., Brain Injury Policy Institute v. Shewry*, hereinafter *B.I.P.I.*, 2006 WL 2237732 (N.D. Cal. 2006), citing *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F.Supp. 2d 947, 952 (C.D. Cal. 1999) (holding remand to state court appropriate because plaintiff charitable organization lacked standing in federal court because the action rested solely on the legal rights of third parties). In *B.I.P.I.*, Judge Illston, relying upon *Green v. Obledo*, 29 Cal.3d 126, 144 (1981), held that a plaintiff's "beneficial interest" for purposes of a writ of mandate is not the same as Article III standing. *Id.* at *4.

Furthermore, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005), the U.S. Supreme Court unanimously ruled that courts may award attorney fees to the prevailing party under the attorney fee provision of the removal statute (28 U.S.C. §1447(c)) when the "removing party lacked an objectively reasonable basis for seeking removal." 126 S.Ct. at 711.

We believe that given the obvious lack of federal standing for our plaintiff, there is no reasonable basis for Defendants to seek removal to federal court.

If you have any questions, don't hesitate to contact us at (510) 891-9794 ext. 125. Thank you for your attention to this matter.

Sincerely yours,

Angie Schwartz
Stephen Ronfeldt
THE PUBLIC INTEREST LAW PROJECT