EDMUND G. BROWN JR.
Attorney General of the State of California
KARIN S. SCHWARTZ
Supervising Deputy Attorney General
SUSAN M. CARSON, State Bar No. 135875
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5580
 Fax:  (415) 703-5480
 E-mail:  susan.carson@doj.ca.gov

Attorneys for Respondents John Wagner,
Director of Department of Social Services
and Department of Social Services

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEONARD,<br><br>         Plaintiff and Petitioner,<br><br>  v.<br><br>JOHN WAGNER, Director, California Department of Social Services and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>       Defendants and Respondents. | No.  C 07 4490 JCS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date:    October 26, 2007<br>Time:    9:30 a.m.<br>Courtroom: A (15th Floor)<br><br>The Honorable Joseph C. Spero |

**INTRODUCTION**

Plaintiff is seeking a declaration that California is violating the Americans with Disabilities Act for following a requirement of the federal AFDC-FC program. Remarkably, plaintiff contends that his action can only be heard in state court. Despite the fact that plaintiff runs an agency that provides services to foster youth with mental disabilities that is substantially funded through the AFDC-FC program, he claims that this court does not have jurisdiction over this action because he does not have standing under Article III of the U.S. Constitution. Plaintiff claims he has only brought suit as a member of the general public. This contention must be rejected. He has brought suit as a party "beneficially interested" under state mandamus law which standard is akin to the "injury in fact" requirement for Article III standing. (See Code Civ. Proc. §§ 1085, 1086.) Plaintiff should not be permitted avoid federal court review of whether the state is complying federal law, especially here where the federal Department of Health and Human Services is an indispensable party. Given all the circumstances, plaintiff's motion for remand should be denied, and this court should retain jurisdiction over this matter.

**RELEVANT FACTS**

Plaintiff Joshua Leonard is "the Executive Director of Bay Area Youth Centers ("BAYC"), a non-profit agency that serves adolescents, ages 15 to 19, who are in out-of-home care. All of the youth served by BAYC have a mental health diagnosis or diagnoses, and over 50% of the youth have Individualized Education Plans (IEPs) and receive special education services through their school. Over 66% of BAYC's funding comes from the AFDC-FC payments they receive on behalf of the foster youth placed in their residential programs." (Complaint ¶ 7.) Plaintiff further alleges: "Because of the completion rule, it is often difficult for BAYC staff to predict when a youth will emancipate out of care, because the ability of the youth to stay in foster care hinges on whether the youth's school will verify that he or she is reasonably expected to graduate. Further, those youth with disabilities are forced to leave BAYC at the age of 18 have a more difficult time transitioning to adulthood, by virtue of the fact that they lose the additional year of the services and support provided by BAYC." (*Ibid*.)

/ / /

1

1    Plaintiff specifically alleges that he is "beneficially interested in the lawful administration

2    of the AFDC-FC program, particularly as it relates to the ongoing funding for youth with

3    disabilities who are being denied up to an additional year of AFDC-FC benefits . . . ."

4    (Complaint ¶ 8.)   Plaintiffs seek a writ of mandate and injunctive and declaratory relief to

5    compel defendants to comply with the Americans with Disabilities Act (ADA) by prohibiting the

6    termination of AFDC-FC benefits to foster youth with disabilities who are subject to the

7    "completion rule."  Under federal law, the foster care assistance program operates under the Aid

8    for Families with Dependent Children provisions.  ( 42 U.S.C.§ 672.)  Former 42 U.S.C. section

9    606(a) defined "dependent child" for purposes of eligibility as one who is under the age of 18, or

10   "at the option of the State, under the age of nineteen and a full-time student in a secondary

11   school (or in the equivalent level of vocational or technical training), if, before he attains age

12   nineteen, he may reasonably be expected to complete the program of such secondary school (or

13   such training) . . . ."  This latter provision is commonly referred to as the "completion rule."

14   California has opted to provide services to foster youth under age 19 who are full-time

15   students and on track to complete their educational program prior to reaching age 19, and

16   therefore, as is required under federal law, has adopted the completion rule.  Welfare &

17   Institutions Code section 11401 provides in pertinent part:  "Aid in the form of AFDC-FC shall

18   be provided . . . on behalf of any child under the age of 18 years, except as provided in Section

19   11403, who meets the conditions of [various subdivisions of section 11401]."  Section 11403

20   provides that a child who is in foster care and attending high school or its equivalent on a full-

21   time basis prior to his or her 18th birthday, may receive aid after his or her 18th birthday, so long

22   as the child continues to reside in foster care, continues to be eligible for AFDC-FC payments,

23   and continues to attend school on a full-basis, and "may reasonably be expected to complete the

24   educational or training program or to receive a high school equivalency certificate, for his or her

25   19th birthday."

26   / / /

27   / / /

28   / / /

2

**ARGUMENT**

**I.    PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO ESTABLISH ARTICLE III STANDING**

Section 1441(b) provides in pertinent part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable . . . ."  Plaintiff does not dispute that this case involves the interpretation of federal law, and therefore, concedes that this action is subject to federal court jurisdiction on that basis.  Indeed, plaintiff's claims arise under federal law in that they concern whether the state is violating the Americans with Disabilities Act (42 U.S.C. §§ 12101 et seq.)[1] and require an interpretation of a provision of the federal AFDC-FC Act. ( 42 U.S.C.§ 672, citing former 42 U.S.C. section 606(a).)  California's "completion rule" mirrors the federal rule.  (See Welf. & Inst. Code §§ 11401, 11403.)  For this reason, defendants have brought a motion for leave to file a third-party complaint against the federal Department of Health and Human Services as an indispensable party from which the state receives funding (known as federal financial participation or FFP) to provide the AFDC-FC program in California.[2]  (See Motion for Leave to File Third-Party Complaint, Docket # 11.)

Rather, plaintiff contends that he does not have Article III standing because he brought suit under Code of Civil Procedure sections 526a and 1085 and did not specifically allege that he has been injured by defendants' conduct.  Motion at 3.  However, plaintiff has sufficiently alleged facts to establish standing under federal law.  In order to have standing under California mandamus law under section 1085, a plaintiff must allege that he has a "beneficial interest" at stake in the case.  Code Civ. Proc. § 1086.  Petitioners must show "some special interest to be served or some particular right to be preserved or protected over and above the interest held in common with the public at large." *Associated Builders & Contractors, Inc. v. San Francisco*

---

1.  Plaintiff has also brought suit under the state Government Code section 11135 which essentially mirrors the ADA.

2.  Defendants' motion is scheduled to be heard the same day as plaintiff's motion for remand, October 26, 2007.

3

1   *Airports Comm'n*, 21 Cal. 4th 352, 362 (1999), citing *Carsten v. Psychology Examining Comm.*,

2   27 Cal.3d. 793, 796 (1980).  Meeting this "beneficial interest" requirement is equivalent to

3   meeting the "injury in fact" requirement under the three-part test for standing in federal court.

4   The California Supreme Court has noted that  "[the beneficial interest standard] is equivalent to

5   the federal 'injury in fact' test, which requires a party to prove by a preponderance of the

6   evidence that it has suffered 'an invasion of a legally protected interest that is (a) concrete and

7   particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Associated Builders*

8   *& Contractors,* 21 Cal.4th at 362, citing *Northeastern Fla. Chapter, Associated Gen.*

9   *Contractors of America v. Jacksonville*, 508 U.S. 656, 663  (1993).  Under the "injury in fact"

10  standard in federal court, a plaintiff must show an injury that "affect[s] the plaintiff in a personal

11  and individual way," as opposed to a more general grievance affecting all members of the public

12  equally.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 n.1 (1992).[3/]

13          Here, plaintiff not only alleges that he is "beneficially interested" in the AFDC-FC

14  program, but "particularly as it relates to the ongoing funding for youth with disabilities who are

15  being denied up to an additional year of AFDC-FC benefits . . . ."  Petition ¶ 8.  In addition, he

16  alleges that he is the Executive Director of an agency that serves youth with mental disabilities

17  and that 66 percent of his agency's funding comes from the AFDC-FC program.  Petition ¶ 7.

18  He alleges that his agency is further injured by its inability to predict when a youth will

19  emancipate out of care, thereby indicating that the agency's funding is impacted by the

20  completion rule.  (*Ibid.*)  Plaintiff clearly has an interest above and beyond any interest a member

21  of the public would have regarding the AFDC-FC program.  Indeed, plaintiff did not bring suit

22  solely as a taxpayer under section 526a; he brought suit under section 1085 which requires that

23  he be beneficially interested in the matter.  (See Code Civ. Proc. § 1086.)  The allegations of the

24  petition make clear that his agency suffers financially under the completion rule.  All the youth

25  the agency serves are mentally disabled and it derives a substantial proportion of its funding

---

27          3.  Plaintiff also meets the two other prongs to the *Lujan* test: a causal connection between
28  the injury and conduct complained of and the likelihood that the injury will be redressed by a
    favorable decision. 504 U.S. at 560.

4

1    from the AFDC-FC program.  His contention that he is a only a disinterested taxpayer is

2    disingenuous at best.

3           There is also another basis for standing for plaintiff because his agency provides services

4    to those who are served under the AFDC-FC program and the agency is restricted under the

5    completion rule from offering those services to disabled youth over age 18.  Thus, given

6    plaintiff's allegations the completion rule affects the youth served by BAYC and restricts the

7    market for his services.  This is sufficient to confer standing on plaintiff in the Ninth Circuit.  "It

8    is well settled that a provider of goods or services has standing to challenge government

9    regulations that directly affect its customers and restrict its market."  *Wedges/Ledges of*

10   *California, Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994).

11          The Seventh Circuit addressed the specific issue presented in this case in *Bethesda*

12   *Lutheran Homes & Services, Inc. v. Leean*, 122 F.3d 443 (7th Cir. 1997).  The operators of a

13   private facility offering long-term care services to the developmentally disabled challenged

14   Wisconsin's state Medicaid regulations, which rendered nonresidents ineligible for admission to

15   the facility.  Judge Posner held that "Bethesda Lutheran, the owner of the Wisconsin facility, has

16   standing, along with the patients themselves, to challenge in federal court laws that forbid it to

17   sell its services to potential customers or limit the prices it can charge."  *Id.* at 444.  Plaintiff

18   makes essentially the same claim here.  He alleges that the completion rule render youth with

19   disabilities ineligible to receive benefits from his agency.  See also *Rothner v. City of Chicago*,

20   929 F.2d 297 (7th Cir. 1991) (holding that the distributor of video games had standing to enforce

21   the rights of children under the age of 17, who were prohibited by local ordinance from playing

22   games during school hours); *Craig v. Boren*, 429 U.S. 190 (holding that the seller of alcoholic

23   beverages had standing to challenge state drinking age restrictions, on behalf of males between

24   the ages of 18 and 21 prohibited from purchasing 3.2% beer).

25          Thus, plaintiff does have Article III standing in this court because he alleges that he is

26   "beneficially interested," that is, has been injured in some manner above and beyond the general

27   public.  Plaintiff also has Article III standing in that his agency provides services directly to

28   foster youth who are allegedly effected by the completion rule.

                                            5

II.    **NONE OF THE AUTHORITY RELIED UPON BY PLAINTIFFS SUPPORTS THEIR CONTENTION THAT THEY DO NOT HAVE ARTICLE III STANDING.**

To support his contention that he does not have Article III standing, plaintiff relies on cases in which the plaintiff did not allege, and in fact did not have, an interest beyond that of the general public in the case. See Motion at 1, 6Petition at 1, citing *Mortera v. North America Mortgage Co.*, 172 F. Supp.2d 1240, 1242-44 (N.D. Cal. 2001); *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp.2d 947, 955 (C.D. Cal. 1999); and *Landford v. Gates*, 610 F. Supp. 120, 121-23 (C.D. Cal. 1985).[4]  *Mortera* involved a "private attorney general"action brought under California's Unfair Competition Act (Bus. & Prof. Code § 17200 *et seq.)* against a mortgage company to enjoin it from charging California veterans who participate in the VA Home Loan Guaranty Program certain fees. Mortera herself had *no personal interest* in the outcome of the case, and under the UCA Act at the time, was not she required to have one. Similarly, Toxic Injuries Corporation brought suit under the UCA Act and the private attorney general provision of the Safe Drinking Water and Toxic Enforcement Act on behalf of the general public. Again, it had no personal interest in the outcome of the case, and removal was based on diversity jurisdiction, not federal question jurisdiction, since all of plaintiff's claims were under state law. *Toxic Injuries*, 57 F. Supp.2d at 947, 950.

The plaintiffs in *Langford* brought a taxpayer action under Code of Civil Procedure section 526a, challenging the city police department's use of armored personnel carriers equipped with a battering ram to "storm" residences suspected of high narcotics activity. None of the plaintiffs alleged that they had suffered any injury from use of these armored carriers nor were they threatened with such injury in the future. *Langford*, 610 F. Supp. at 121.

Thus, unlike the cases upon which plaintiff relies, he brought this action under section 1085 and claims to be beneficially interested in this action and its outcome. He is not simply a

---

4. Plaintiff also cites *Whitmore v. Federal Election Comm'n*, 68 F.3d 1212, 1215 (9th Cir. 1995) to support his contention that he has not been injured. However, in *Whitmore* denied standing on the ground that the plaintiff had not met the second prong of the *Lujan* test, that there was a causal connection between the alleged conduct and the claimed injury, not that there had been on injury.

6

1   taxpayer, claiming to represent the general public.  Therefore, given his beneficial interest and

2   the allegations in the petition outlining that interest, the requirements of Article III standing have

3   been met.

4                                          **CONCLUSION**

5           Despite plaintiff's apparent  attempt to insulate his claims that defendants have violated

6   federal discrimination laws from review by federal court, he has sufficiently alleged facts that

7   establish that they have Article III standing to maintain this action in federal court.  Accordingly,

8   his motion to remand this action to state court should be denied.

9

10  Dated: October 5, 2007

11                                          Respectfully submitted,

12                                          EDMUND G. BROWN JR.
                                            Attorney General of the State of California
13                                          KARIN S. SCHWARTZ
                                            Supervising Deputy Attorney General

14

15                                          /s/Susan M. Carson

16

17                                          SUSAN M. CARSON
                                            Supervising Deputy Attorney General
18                                          Attorneys for Respondents John Wagner,
                                            Director of Department of Social Services,
                                            and Department of Social Services

19  SF2007401962

20
    40178469.wpd
21

22

23

24

25

26

27

28

                                            7