Angela Schwartz (Bar No. 234650)
Stephen Ronfeldt (Bar No. 41044)
THE PUBLIC INTEREST LAW PROJECT
449 15th Street, Suite 301
Oakland, CA 94612-2038
Tel.: (510) 891-9794
Fax: (510) 891-9727
Email: aschwartz@pilpca.org
        sronfeldt@pilpca.org

Alice Bussiere (Bar No. 114680)
Corene Kendrick (Bar No. 226642)
YOUTH LAW CENTER
200 Pine Street, Suite 300
San Francisco, CA 94104-2741
Tel.: (415) 543-3379
Fax: (415) 956-9022
Email: abussiere@ylc.org
        ckendrick@ylc.org

Richard A. Rothschild (Bar No. 67356)
Nu Usaha (Bar No. 190094)
WESTERN CENTER ON LAW AND POVERTY
3701 Wilshire Boulevard, Suite 208
Los Angeles, CA 90010-2809
Tel.: (213) 487-7211
Fax: (213) 487-0242
Email: rrothschild@wclp.org
        nusaha@wclp.org

Attorneys for Petitioner/Plaintiff Joshua Leonard

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEONARD,<br><br>        Petitioner/Plaintiff,<br><br>   vs.<br><br>JOHN WAGNER, Director, California Department of Social Services; and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>        Respondents/Defendants. | Case No.: C07 4490 JCS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT**<br><br>DATE:      October 26, 2007<br>TIME:      9:30 a.m.<br>PLACE:    Court Room A, 15th Floor<br>JUDGE:   Honorable Joseph C. Spero |

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## INTRODUCTION AND SUMMARY OF ISSUES

Defendants' Motion for Leave to File a Third-Party Complaint against the U.S. Department of Health and Human Services ("USDHHS") must be denied because this Court lacks Article III "case or controversy" jurisdiction.  First, this Court lacks jurisdiction over the main action due to Plaintiff's lack of Article III standing.  Joshua Leonard brought suit under two California statutes which allow him to seek prospective relief challenging unlawful agency action on behalf of the public even though he has not suffered a direct injury from the challenged action.  *See* Cal. Code of Civ. Proc. § 526a (authorizing taxpayer suits for injunctive relief) and § 1085 (authorizing writs brought by beneficially interested persons to challenge agency action).  Because Leonard lacks Article III standing, requiring this action to be remanded to San Francisco Superior Court, there is no pending matter to which Defendants can adjoin a third-party complaint. *See* Plaintiff's Notice of Motion and Motion for Remand; s*ee also, Brain Injury Policy Institute v. Shewry*, No. C 06-2973 SI, 2006 WL 2237732 (N.D.Cal. 2006); *Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Services*, 876 F.2d 1051, 1054 (1st Cir. 1989); *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978).  Second, the third-party complaint is not ripe for judicial review due to a lack of a justiciable controversy between the State and USDHHS. *See, Association of American Medical Colleges v. U.S.,* 217 F.3d 770, 779 (9th Cir. 2000); *Tinoco v. Belshe,* 916 F. Supp. 974, 983 (N.D.Cal. 1995); *Johnson v. Rank,* 110 F.R.D. 99, 102 (N.D.Cal. 1986).

## STATEMENT OF FACTS

On July 25, 2007, Leonard brought suit in San Francisco Superior Court to challenge the State of California's violation of state and federal anti-discrimination laws by failing to make reasonable modifications to provisions of the State's Aid to Families with Dependent Children-Foster Care ("AFDC-FC") program.  California's AFDC-FC program funds the placement for youth who have been abused, neglected, and removed from their homes by providing foster

Memorandum of Points and Authorities in Opposition to
Motion for Leave to File Third-Party Complaint                    No. C07-4490-JCS

care maintenance payments to individuals caring for the youth.  Cal. Welf. & Inst. Code § 11401, *et seq*.  Although California receives federal financial participation ("FFP") for children who meet the federal requirements under Title IV-E of the Social Security Act, Cal. Welf. & Inst. Code §§ 11401(f) & 11401.1,  the AFDC-FC program provides foster care benefits for children who meet the State eligibility criteria, whether or not they are federally eligible.  Cal. Welf. & Inst. Code § 11401.  For children who are not federally eligible, California is free to define State AFDC-FC eligibility criteria and, in fact, has opted to provide AFDC-FC benefits to many youth who do not meet the federal requirements.[1]

Funding for the State's AFDC-FC program is provided through state and county cost-sharing, with the State contributing 40% and the County contributing 60% of the non-federal cost.  Cal. Welf. & Inst. Code § 10101.   If a youth meets the eligibility criteria of Title IV-E of the Social Security Act, California is eligible for FFP for 50% of the youth's AFDC-FC payment.   Therefore, in federal AFDC-FC cases, the federal share of the AFDC-FC payment is 50%; the state share is 20%; and the county share is 30%.

At issue in Leonard's claim is the so-called school "completion rule."  Under California law, foster youth who are in school can continue to receive AFDC-FC benefits after the age of 18, but only if they can show they are expected to complete their educational program by their 19th birthday.  Cal. Welf. & Inst. Code § 11403.  This school completion rule deprives foster children with disabilities, who cannot be expected to complete school by age 19 due to their disabilities, the same opportunity that their peers without disabilities have to participate in the AFDC-FC program between the ages of 18 and 19.

---

[1] For example, California provides AFDC-FC to children who do not meet the federal AFDC linkage requirements (42 U.S.C. § 672(a)(1)(B)) and to children placed with non-related legal guardians who do not meet the federal requirement that the child's placement and care are the responsibility of the State (42 U.S.C. § 672(2)(B)).  Cal. Welf. & Inst. Code § 11401; California Department of Social Services, Eligibility and Assistance Standards, Manual of Policies and Procedures (MPP) § 45-200, *et seq*. (attached as Exhibit A).

1    Leonard brought suit under two California statutes that allow him to seek prospective

2   relief challenging unlawful agency action on behalf of the public.  Cal. Code of Civ. Proc. §

3   526a (authorizing taxpayer suits for injunctive relief) and § 1085 (authorizing writs brought by

4   beneficially interested persons to challenge agency action).  The complaint does not allege

5   Leonard suffered a personal or direct injury resulting from the State's unlawful discrimination

6   against foster youth with disabilities.  *See* Petition for Writ of Mandate; Verified Complaint for

7   Injunctive and Declaratory Relief, attached as Exh. A to Defendants' Notice of Removal of

8   Action.

9    On July 25, 2007, Leonard's attorneys advised Defendants by letter that Leonard lacked

10   Article III standing and that a removal attempt would therefore be unsuccessful since this

11   Court and other courts have consistently decided that, absent Article III standing, removal is

12   inappropriate. Declaration of Angela Schwartz, attached as Exh. A to Plaintiff's Notice of

13   Motion and Motion for Remand; *see also, Brain Injury Policy Institute*, 2006 WL 2237732.

14   The letter further explained that, given these clear precedents, removal would do nothing but

15   delay the resolution of this matter in the most timely and efficient manner.  Despite this, on

16   August 29, 2007, before answering or otherwise responding in state court, Defendants removed

17   the action under 28 U.S.C. § 1441(b) on the sole ground of federal question jurisdiction.

18   Leonard filed a Motion to Remand on September 12, 2007.  On September 21, 2007,

19   Defendants filed a Motion for Leave to File a Third-Party Complaint.

20

21                                **ARGUMENT**

22   **I.      This Court Has No Jurisdiction Over the Case Because Plaintiff Lacks Article III
            Standing.**

23

24    Federal court jurisdiction is limited by the case or controversy requirement of Article III

25   of the U.S. Constitution.  *Flast v. Cohen,* 392 U.S. 83, 94 (1968).   Inquiry into whether the

26   parties have standing to be in federal court is a threshold question, and "limits upon federal

27   jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded

28

4

nor evaded." *Owen Equipment & Erection Co.,* 437 U.S. at 374; *see also, People of the State of California v. Beltz Travel Service, Inc.,* 379 F. Supp. 948, 950 (N.D.Cal. 1974) ("Unless the plaintiff bringing an action satisfies the requirements of standing, the Court is without jurisdiction to decide the lawsuit"). "Standing of parties to bring their claims is a threshold question a court must face before reaching the substantive issues of a case." *Stoianoff v. State of Montana,* 695 F.2d 1214, 1223 (9th Cir. 1983). Thus, prior to determining whether a third-party complaint against USDHHS is appropriate, this Court must conduct a threshold inquiry into whether the plaintiff has standing so that there is jurisdiction to review the main action.

Article III standing requires a showing of (1) an injury in fact which is concrete and not conjectural; (2) a causal connection between the injury and defendant's conduct or omissions; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). The absence of any one element deprives a plaintiff of Article III standing. *Whitmore v. Federal Election Com'n,* 68 F.3d 1212, 1215 (9th Cir. 1995). Further, removal provisions are "strictly construed against removal jurisdiction" and any doubt is resolved in favor of remand. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *see also, Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). When determining whether a particular case may be removed, the courts ordinarily use the "well-pleaded complaint" rule, looking only to the allegations contained on the face of the complaint. *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 9-10 (1983). Defendants must, therefore, convincingly show that the case, as filed, could have originally been brought in federal court. In the instant case, Leonard does not claim that he has ever suffered injury as result of the State's unlawful denial of AFDC-FC benefits to foster youth with disabilities after the age of 18 because they cannot demonstrate that they will complete their schooling by the time they turn 19 years old. Further, the complaint alleges solely that the policy at issue directly harms third parties since Leonard brings this case solely as a taxpayer and as a person challenging the State's unlawful discrimination in

1    the public interest.  <u>Petition for Writ of Mandate; Verified Complaint for Declaratory and</u>

2    <u>Injunctive Relief</u>, para. 8-10.

3        As outlined at length in <u>Plaintiff's Notice of Motion and Motion for Remand</u>, because

4    Leonard lacks Article III standing, this Court lacks subject matter jurisdiction and the case

5    must be remanded.  *See, e.g., Maine Ass'n of Interdependent Neighborhoods,* 876 F.2d at

6    1054 (then Circuit Judge Breyer ordering remand because the organizational plaintiff lacked

7    Article III standing but may have had state court standing); *Wheeler v. Travelers Ins. Co.,* 22

8    F.3d 534, 540 (3d Cir. 1994) (remand mandatory absent Article III standing); *Coyne v.*

9    *American Tobacco Co.,* 183 F.3d 488, 496 (6th Cir. 1999) (same).  When federal, but not

10   state, court standing is lacking, U.S. District Courts in California routinely remand actions to

11   state courts.  *See, e.g., Brain Injury Policy Institute,* 2006 WL 2237732, at *1,4 (remanding

12   action brought by "representatives of the public interest under California Code of Civil

13   Procedure § 1085" to state court as plaintiffs lacked Article III standing because they "chose

14   to sue on behalf of the general public or as taxpayers"); *Mortera v. North America Mortg. Co.,*

15   172 F. Supp. 2d 1240, 1242-44 (N.D.Cal. 2001) (and cases cited therein) (citing several cases

16   ordering remand where plaintiffs have standing to sue in state but not federal court); *Langford*

17   *v. Gates,* 610 F. Supp. 120, 121-23 (C.D.Cal. 1985); *Beltz Travel Service, Inc.,* 379 F. Supp. at

18   950 (absent Article III standing, prospective claims brought by taxpayer were removed

19   "without jurisdiction").

20       The Court's lack of jurisdiction means not only that Leonard's action against Defendants

21   must be remanded, but also that Defendants' Motion for Leave to File a Third-Party

22   Complaint must be rejected.  Article III standing in the main action between plaintiff and

23   defendant is a prerequisite to any third-party action.  28 U.S.C. § 1367(a) ("the district courts

24   shall have supplemental jurisdiction over all other claims that are so related to claims in the

25   action ***within such original jurisdiction*** that they form part of the same ***case or controversy***

26   ***under Article III of the United States Constitution***.") (emphasis added).

27

28

Memorandum of Points and Authorities in Opposition to
Motion for Leave to File Third-Party Complaint                              No. C07-4490-JCS

1    Defendants' proposed third-party complaint against USDHHS does not alter Leonard's

2 lack of standing and cannot otherwise give this Court jurisdiction. Indeed, "it is axiomatic

3 that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction."

4 *Owen Equipment & Erection Co.,* 437 U.S. at 370, 374 (reversing Court of Appeal decision

5 because "under the reasoning of the Court of Appeals… a plaintiff could defeat the statutory

6 requirement of complete diversity by the simple expedient of suing only those defendants who

7 were of diverse citizenship and waiting for them to implead nondiverse defendants"); *see also*

8 28 U.S.C. § 1367(b) (third-party impleading cannot be used to bring in a party that lacks

9 diversity jurisdiction and to shoehorn a case into federal court that properly belongs in state

10 court). Thus, while "Rule 14 should be construed liberally, it does not authorize the use of

11 impleader for practices that violate the limits of federal jurisdiction." *Aetna Casualty &*

12 *Surety Co. v. Spartan Mechanical Corp.,* 738 F. Supp. 664, 675 (E.D.N.Y. 1990) (quotations

13 omitted). Just as impleader cannot be used to create diversity between non-diverse parties,

14 Defendants cannot defeat the requirement that Leonard must have federal court standing

15 simply by seeking to implead the federal government and bootstrapping federal court

16 jurisdiction. Adding USDHHS to this case does not transform Leonard into a party with

17 Article III standing.

18

19    **II.    No Case or Controversy Exists Between the State and Federal Governments.**

20    In addition to requiring the plaintiff to have federal court standing, the case or

21 controversy requirement of Article III requires that the case be "ripe" for judicial review,

22 which courts determine by assessing "'both the fitness of the issues for judicial decision and

23 the hardship to the parties of withholding court consideration.'" *Association of American*

24 *Medical Colleges,* 217 F.3d at 779-780, *quoting Abbott Laboratories v. Gardner*, 387 U.S. 136,

25 149 (1967), *overruled on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977). In the

26 context of administrative decisions, the purpose of the ripeness doctrine is to "'prevent the

27 courts, through avoidance of premature adjudication, from entangling themselves in abstract

28

Memorandum of Points and Authorities in Opposition to
Motion for Leave to File Third-Party Complaint                No. C07-4490-JCS

1    disagreements over administrative policies, and also to protect the agencies from judicial

2    interference until an administrative decision has been formalized and its effects felt in a

3    concrete way by the challenging parties.'" *Id*.  In determining whether an issue is fit for

4    review, the Ninth Circuit considers "whether the administrative action is a definitive statement

5    of an agency's position; whether the action has a direct and immediate effect on the

6    complaining parties; whether the action has the status of law; and whether the action requires

7    immediate compliance with its terms." *Association of American Medical Colleges,* 217 F.3d at

8    780.

9            In cases where the State has attempted to join the federal government through a third-

10   party complaint in order to secure FFP in the event that the State loses the underlying action,

11   this Court has dismissed the third-party complaint for lack of standing.  *See Johnson,* 110

12   F.R.D. at 102 ("it is far from certain in the present case that [the State] will ever face a

13   disallowance of FFP…. This is so because several contingencies must occur before a

14   disallowance for FFP will result…. Since none of these contingencies has yet occurred, the

15   court finds that [the State] has not shown 'injury in fact' as required by Article III of the

16   Constitution"); *Tinoco,* 916 F. Supp. at 983 (holding that the third-party complaint was not ripe

17   because it was "based on pure speculation that [FFP] could be withdrawn").  Here, the

18   Department of Social Services ("DSS") has not made any claim to USDHHS for FFP in its

19   provision of AFDC-FC benefits on behalf of foster youth with disabilities.  As in *Johnson* and

20   *Tinoco*, where the third-party action was not ripe for review because there was no definitive

21   refusal to provide FFP, Defendant's third-party action against USDHHS is not ripe because the

22   federal government has not yet disallowed federal funds to the State.  Indeed, the case that DSS

23   seeks to bring against USDHHS will only become ripe once DSS (1) modifies its state plan in

24   order to provide a reasonable modification to foster youth with disabilities, (2) asks the federal

25   government to contribute FFP to the cost of providing the modification, and (3) is denied FFP.

26   Because the issues between DSS and USDHHS are not yet ripe for judicial review, the State

27   cannot maintain its action against USDHHS once Leonard's action against DSS is remanded to

28

San Francisco Superior Court.  Thus, the Motion to File a Third-Party Complaint against the federal government should be denied, and Leonard's action against the State should be remanded to San Francisco Superior Court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File a Third-Party Complaint should be denied.

Dated: __October 5, 2007____

                                    Respectfully Submitted,

                                    BY:  _/s/ Angela Schwartz_____

                                    Angela Schwartz
                                    Stephen Ronfeldt
                                    THE PUBLIC INTEREST LAW PROJECT

                                    Alice Bussiere
                                    Corene Kendrick
                                    THE YOUTH LAW CENTER

                                    Richard Rothschild
                                    Nu Usaha
                                    THE WESTERN CENTER ON LAW AND POVERTY

Memorandum of Points and Authorities in Opposition to
Motion for Leave to File Third-Party Complaint                    No. C07-4490-JCS

**EXHIBIT A**

## Manual of Policies and Procedures

# ELIGIBILITY AND ASSISTANCE STANDARDS



**STATE OF CALIFORNIA**
**Arnold Schwarzenegger, Governor**
**HEALTH AND WELFARE AGENCY**
**S. Kimberly Belshé, Secretary**
**DEPARTMENT OF SOCIAL SERVICES**
**Tameron Mitchell, Chief Deputy Director**

*Distributed Under the Library Distribution Act*
**April 2004**

**INTRODUCTION**

This Users' Manual is used as an operational tool.

This manual contains

    a)    Regulations adopted by the Department of Social Services (DSS) for the governance of its agents, licensees, and/or beneficiaries

    b)    Regulations adopted by other state departments affecting DSS programs

    c)    Statutes from appropriate codes which govern DSS programs

    d)    Court decisions and

    e)    Operational standards by which DSS staff will evaluate performance within DSS programs.

Regulations of DSS are printed in gothic type as is this sentence.

Handbook material, which includes reprinted statutory material, other departments' regulations and examples, is separated from the regulations by double lines and the phrases **"HANDBOOK BEGINS HERE", "HANDBOOK CONTINUES", AND "HANDBOOK ENDS HERE"** in bold print. Please note that both other **departments' regulations** and statutes are mandatory, not optional.

In addition, please note that as a result of the changes to a new computer system revised language in this manual letter and subsequent Eligibility and Assistance Standards Manual Letters will now be identified by a vertical line in the left margin.

Questions relative to this Users' Manual should be directed to your usual program policy office.

# TABLE OF CONTENTS

## CHAPTER 45-200 AFDC-FC ELIGIBILITY

**Section**

AFDC-FC Eligibility ............................................................................................................... 45-200

General AFDC-FC Requirements ............................................................................................ 45-201

Federal AFDC-FC Program ..................................................................................................... 45-202

        Deprivation...................................................................................................... .1
        With Whom Child Must Be Placed................................................................ .2
        AFDC-FG/U Linkage Determination............................................................. .3
        Authority for Placement ................................................................................. .4
        Eligible Facilities ........................................................................................... .5
        Placement and Care ........................................................................................ .6

State AFDC-FC Program........................................................................................................... 45-203

        Deprivation...................................................................................................... .1
        With Whom Child Must Be Placed................................................................ .2
        Authority for Placement................................................................................. .3
        Eligible Facilities ........................................................................................... .4
        Placement and Care ........................................................................................ .5
        Special Provisions .......................................................................................... .6

**This page is intentionally left blank.**

## 45-200     AFDC-FC ELIGIBILITY                                             45-200

.1     To be eligible for AFDC-FC, a child shall meet the requirements under either the federal AFDC-FC Program or the state AFDC-FC Program and all requirements in Chapter 45-300 which apply to that child.

    .11     Federal AFDC-FC Program

        .111     A child shall meet all general requirements specified in Section 45-201 and all federal requirements specified in Section 45-202.

    .12     State AFDC-FC Program

        .121     A child shall meet all general requirements specified in Section 45-201 and all state requirements specified in Section 45-203.

.2     An infant supplement shall be paid for the care and supervision of a child living with his/her minor parent in the same eligible facility when the minor parent meets either of the requirements in Sections 45-200.11 or .12.

.3     The payment sections MPP Section 44-206 shall be effective February 28, 1989 and MPP Section 45-302.21 shall be effective March 1, 1989.

## 45-201     GENERAL AFDC-FC REQUIREMENTS                                   45-201

.1     The child shall meet:

    .11     The age requirements of Chapter 42-100;

        .111     When a child who is in foster care reaches age 18, the child shall continue to be eligible for AFDC-FC up to age 19, provided all the following conditions are met:

            (a)     The child was receiving AFDC-FC and attending high school or a vocational-technical training program on a full-time basis prior to reaching age 18;

            (b)     The child continues to:

                (1)     Meet the AFDC-FC eligibility requirements of this section;

                (2)     Reside in foster care;

45-201        **GENERAL AFDC-FC REQUIREMENTS** (Continued)                **45-201**

    (3)    Attend on a full-time basis either a high school or, if he/she has not completed high school, a vocational-technical training program which cannot result in a college degree as specified in Section 42-101.2 provided he/she is reasonably expected to complete either program before reaching age 19. Full-time attendance must be defined and verified by child's school.

    (c)    The child and the placement agency have signed a mutual agreement which documents the continued need for foster care placement. The agreement shall be signed prior to or within the month the child reaches age 18. A mutual agreement shall not be required if the placement is due to a court order which remains in effect or if the child is not capable of making an informed agreement. If the court order is dismissed subsequent to the month in which the child reaches age 18, a mutual agreement must be executed within the month the dismissal occurs.

    (1)    The income maintenance case record shall contain a statement from the placement worker, on the FC 2, which certifies that the mutual agreement or the court order is in the services case record or that the child is not capable of making an informed agreement. This certification shall occur prior to or within the month the child reaches age 18 and at redetermination of the child's AFDC-FC eligibility.

.12    The property requirements in Chapter 42-200;

    .121    Up to $10,000 in cash savings is exempt for purposes of determining eligibility and grant amount.

    (a)    Repealed by Manual Letter No. EAS-91-09, effective 5/28/91.

    (b)    Repealed by Manual Letter No. EAS-91-09, effective 5/28/91.

    (c)    Repealed by Manual Letter No. EAS-91-09, effective 5/28/91.

**45-201    GENERAL AFDC-FC REQUIREMENTS** (Continued)                          **45-201**

---

**HANDBOOK BEGINS HERE**

. 122    See Sections 31-002(i)(1), (i)(1)(A), and 31-525 for the definition and description of ILP.

**HANDBOOK ENDS HERE**

---

.13    The residence requirements in Chapter 42-400;

.14    The citizenship and alienage requirements in Subchapter 42-430;

.15    The social security enumeration requirements in Section 40-105.24; and

.16    The income requirements in Chapter 44-100.

.161    Pursuant to Section 44-111.261, income and incentive payments earned by a child 16 years of age or older who is participating in the ILP are exempt as income for purposes of eligibility and grant determination when received as part of the ILP written transitional independent living plan.

(a)    Repealed by Manual Letter No. 91-09, effective 5/28/91.

(b)    Repealed by Manual Letter No. 91-09, effective 5/28/91.

(c)    Repealed by Manual Letter No. 91-09, effective 5/28/91.

.162    There is no limit to the amount exempted under Section 45-201.161.

.163    Repealed by Manual Letter No. 91-09, effective 5/28/91.

---

**HANDBOOK BEGINS HERE**

.164    See Sections 31-002(i)(1), (i)(1)(A), and 31-325 for the definition and description of ILP.

**HANDBOOK ENDS HERE**

---

AFDC-FC, EA-ANEC, AND AAP PROGRAMS
45-201 (Cont.)                 AFDC-FC ELIGIBILITY                 **Regulations**

**45-201    GENERAL AFDC-FC REQUIREMENTS** (Continued)          **45-201**

.2    The AFDC-FC rate as determined in Chapter 11-400, including amounts for specialized care but not including special need payments, shall constitute the need standard for a child receiving AFDC-FC and shall be greater than the child's net nonexempt income as determined in Chapter 44-100. Income received by the child's parents shall not be used to determine the AFDC-FC aid payment unless the parents make their income and/or income the parents receive on behalf of the child available to meet the child's needs.

.3    The following child support requirements:

.31    The county shall provide the local child support agency with the information specified in .311 through .314 below:

.311    A completed referral form;

(a)    If the child's social worker has determined according to Section 31-503.1 that it is not in the best interest of the child to refer the case to the local child support agency for enforcement, the county shall refrain from referring the case for child support enforcement.

.312    Any information the county has which indicates that the local child support agency should not proceed with child support enforcement including at least one of the following reasons for good cause:

(a)    an agreement to establish good cause for not cooperating with the local child support agency if one has been completed by either or both of the child's parents; or

(b)    documentation from the child's social worker that referral for child support enforcement would not be in the child's best interest in accordance with Section 31-503;

.313    Any information regarding the best interest of the child as it pertains to child support issues upon request of the local child support agency;

.314    Any other forms or information, including a Child Support Questionnaire (CA 2.1), requested by the local child support agency.

.32    The general requirements of Sections 43-200, 43-201.2 and 43-203 shall be met.

.4    The following services requirements shall be met:

.41    The agency with responsibility for placement and care of the child shall:

.411    Provide preplacement preventive services to children placed into foster care on or after October 1, 1983, and document in the services case record why provision of these services was not successful in maintaining the child with his or her family.

**45-201    GENERAL AFDC-FC REQUIREMENTS** (Continued)    **45-201**

(a)    The provision of preplacement preventive services shall not be required when the current authority for placement of the child is either:

(1)    relinquishment of the child by one or more parents or termination of the parental rights of one or more parents; or

(2)    nonrelated legal guardianship.

.412    Develop a written assessment and case plan within 30 days from the date the agency became involved with the child or the date of the child's most recent placement, whichever is later. Where the child is a minor parent and his/her child is living in the same eligible facility, the assessment shall include the minor parent's child.

(a)    Such assessment and case plan shall be updated in conjunction with the periodic reviews specified in .42 below.

(b)    Such assessment and case plan for a child living with a nonrelated legal guardian shall be updated no less frequently than once every six months.

.413    Provide family reunification services or, when return of the child to his or her own family is documented in the services case record as being inappropriate, provide permanent placement services.

.414    Visitation

(a)    For children placed in out-of-state or California group homes, visit the child no less frequently than once a calendar month with at least a two-week period between visits.

(b)    For children placed in any other eligible facility, visit the child no less frequently than once every six months.

.42    Except for a child living with his or her nonrelated legal guardian, periodic reviews shall be conducted on behalf of the child no less frequently than once every six months from the date of placement into foster care.

.43    Except for a child living with his or her nonrelated legal guardian, permanency planning hearings shall be conducted on behalf of the child within 18 months of the date of placement into foster care and shall occur no less frequently than once every 12 months following the first hearing throughout the period of foster care placement.

(a)    Subsequent permanency planning hearings shall not be required for a child who is free for adoption and placed in the adoptive home identified in the previous permanency planning hearing pending finalization of the adoption.

**45-201    GENERAL AFDC-FC REQUIREMENTS** (Continued)                          **45-201**

.44    Assessment and placement recommendation

.441    Effective March 1, 1999, an assessment and placement recommendation must be made by a multidisciplinary team prior to the placement of a child in an out-of-state group home.

.442    For children placed in an out-of-state group home prior to August 19, 1998, an assessment and placement recommendation must be obtained by February 18, 1999.

.443    For children placed in an out-of-state group home between August 19, 1998, and February 28, 1999, an assessment and placement recommendation must be obtained no later than 6 months from the date of placement.

---

**HANDBOOK BEGINS HERE**

(a)    See Sections 31-066.1 through .6 for guidance on the assessment and placement recommendation process.

**HANDBOOK ENDS HERE**

---

.45    The income maintenance case record shall contain a statement from the placement worker, on the SOC 158A form which certifies that the above requirements have been met.  This certification shall occur at the time of application, at redetermination of the child's AFDC-FC eligibility, and when there is a change in the authority for placement.

---

**HANDBOOK BEGINS HERE**

.46    Division 31 provides further information regarding services requirements.

**HANDBOOK ENDS HERE**

---

.5    The application requirements in Section 40-100 shall be met.

.6    A child living with his/her AFDC-FC eligible minor parent in the same eligible facility does not need a separate eligibility determination.  The eligibility for the infant supplement is based on the minor parent's AFDC-FC eligibility determination.

.7    A redetermination of all of the foster child's circumstances which are subject to change shall be completed once every six months.

.71    At the time of the six month redetermination, the parent or legal guardian shall complete the "Statement of Facts Supporting Eligibility for Assistance" (CA 2 1/87) or, at county option, the "Statement of Facts Supporting Eligibility for AFDC-Foster Care (FC)" (FC 2).  If the parent or legal guardian is unavailable or uncooperative, the placement worker shall complete the "Statement of Facts Supporting Eligibility for AFDC-Foster Care (FC)" (FC 2).

---

**AFDC-FC, EA-ANEC, AND AAP PROGRAMS**

| Regulations | AFDC-FC ELIGIBILITY | 45-201 |
| --- | --- | --- |

**45-201      GENERAL AFDC-FC REQUIREMENTS** (Continued)                **45-201**

**HANDBOOK BEGINS HERE**

.72    Examples of a foster child's circumstances which are subject to change include, but are not limited to, deprivation, financial need, authority for placement, eligible facility, etc.

**HANDBOOK ENDS HERE**

NOTE:  Authority cited:  Sections 10553 and 10554, Welfare and Institutions Code.  Reference:  Sections 361.21, 366.25, 366.3, 727.1, 11008.15, 11155.5, 11400(b), 11401(b), 11402, 11403, and 11404.1, 16516.5, Welfare and Institutions Code; Sections 7911.1 and 17552, Family Code; 42 U.S.C. 672(a); and 45 CFR 1356.21(d).

**This page is intentionally left blank.**

**45-202      FEDERAL AFDC-FC PROGRAM**                                    **45-202**

.1      Deprivation

.11      The child shall be deprived of parental support or care by the death, physical or mental incapacity, unemployment or absence of the child's parent(s) as specified in Chapter 41-400. This determination shall be made in conjunction with the AFDC-FG/U linkage requirement in .3 below.

.12      For redetermination purposes as specified in Section 45-201.7, continuing deprivation of parental support or care shall be reevaluated based upon the original home of removal.

.121      Continuing deprivation is automatically met in those cases in which deprivation was originally based on the death of either parent, or in which the child has been relinquished following the initial determination of deprivation.

.122      If the whereabouts of the parent(s) cannot be determined by the CWD at the time of the redetermination, documentation in the case record shall demonstrate a good faith effort to locate the parent(s) which shall allow federal linkage to continue.

.123      If the parent(s) refuses to cooperate, the CWD shall document a good faith effort to obtain the required information. If this effort indicates a continued deprivation status or if no information to the contrary is found, federal linkage shall continue.

.124      A subsequent change in the child's circumstances shall not affect the initial determination of deprivation.

---
**HANDBOOK BEGINS HERE**
---

.125      For example, in a two-parent household, if the principal wage earner returns to full-time employment, deprivation would no longer exist for the child in foster care for those months the principal wage earner was employed full-time. However, if the principal wage earner becomes unemployed again, then the child's status would change from ineligible to eligible and federal financial participation would be available for the foster care payment.

---
**HANDBOOK ENDS HERE**
---

**45-202        FEDERAL AFDC-FC PROGRAM** (Continued)                          **45-202**

.2      With Whom Child Must be Placed

    .21      The child shall be placed with either of the following:

        .211      A nonrelative.

        .212      A relative, other than the child's birth or adoptive parents, provided the child is otherwise federally eligible.

            (a)      The caretaker relative of such child shall have the option of selecting either AFDC-FC or the AFDC-FG/U Program.

                (1)      If AFDC-FC is selected, the case shall be treated in all respects as an AFDC-FC case.

                (2)      If AFDC-FG/U is selected, the case shall be treated in all respects as an AFDC-FG/U case.

.3      AFDC-FG/U Linkage Determination

    .31      (Reserved)

    .32      (Reserved)

    .33      The child shall have been linked to the federal Aid to Families with Dependent Children - Family Group/Unemployed (AFDC-FG/U) Program as it existed on July 16, 1996, during the month in which the petition was filed with the juvenile court, which led to the child's placement into foster care pursuant to a detention or dispositional order or the month in which the voluntary placement agreement was signed.

        .331      This linkage requirement is met if one of the following conditions exists during the month in which the petition was filed or the voluntary placement agreement was signed:

            (a)      The child was living in the home of the parent or relative from whom removed and would have been eligible for federal AFDC-FG/U had application been made.

            (b)      The child was no longer living in the home of the parent or relative from whom removed, but would have been eligible for federal AFDC-FG/U based on that parent's or relative's home had he/she been living there and had application been made.

**45-202**      **FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

      (1)      To meet this condition, the child shall have been living with the parent or relative from whom removed, within any of the six months prior to the month in which the petition was filed with the juvenile court, which led to the child's placement into foster care pursuant to a detention or dispositional order.

    .332    **Section 45-202.332 will not become operative unless and until it has been approved by the federal Department of Health and Human Services as part of the California Title IV-E State Plan.**

        If the child does not meet the conditions listed in Section 45-202.331, the linkage requirement is met if the following applies:

      (a)      The county has information that the child resided with any relative as defined in Section 45-101(r)(1)(A)3.a. during the petition month or within any of the six months prior to the month in which the petition was filed or the voluntary placement agreement was signed, and can establish that the child would have been eligible for AFDC-FG/ U, based on that home, had application been made while the child was living there.

  .34    Except as provided in Section 45-202.341, the determination that the child met the federal eligibility criteria of linkage to federal AFDC-FG/U specified in Section 45-202.33 shall be a one-time determination.  Therefore, subsequent changes in the child's placement or circumstances, except as specified in Section 45-202.341, shall not affect this initial linkage determination.  However, if as a result of such change some other general or federal eligibility requirement is not met, FFP shall not be available until the child meets all other federal and general eligibility requirements.

    .341    If the child is returned by the court on a nontemporary basis to the home of the parent or relative from whose home the child had been removed, FFP shall not be available unless a new or supplemental petition is filed and a new detention or dispositional order is made to remove the child from the parent's or relative's home and place him/her in foster care again.  The month of the new or supplemental petition shall then be used to determine the aid linkage for federal eligibility and the new detention or dispositional order would determine the authority for placement requirement.

.4    Authority for Placement

  .41    The child shall meet one of the following criteria for placement in foster care:

    .411    Removal by Court Order

      (a)      The child shall be removed from the home of a parent or relative as the result of a court order which specifies:

**45-202        FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

    (1)    That the responsibility for placement and care be vested in one of the agencies listed in Section 45-202.61; and

    (2)    That continuance in the home of that parent or relative would be contrary to the child's welfare; and

    (3)    That, if the child is placed into foster care on or after October 1, 1983, reasonable efforts have been made to prevent or eliminate the need for removal of the child from his or her home and to make it possible for the child to return to his or her home.

(b)    The court order shall result in the child's placement in foster care with a nonrelative or with a different relative than the one from whose home he/she was removed.

    (1)    This requirement shall be determined to be met if the child was absent from the parent's or relative's home in the month the petition, which initiated court action for removal, was filed, provided the child had resided with such parent or relative within any of the six months prior to the month that petition was filed. For example, the child was living with a grandparent for any reason in the month the petition was filed. However, within any of the six months preceding the filing of the petition, which initiated court action, the child lived with the parent from whom the child was removed. This child shall be considered removed from the home of his/her parent and placed with the grandparent. Furthermore, the linkage determination shall be based on that parent's home as provided in Section 45-202.313.

(c)    Subsequent dismissal of the jurisdictional and dispositional orders shall not result in the loss of FFP provided all other general and federal AFDC-FC requirements continue to be met; and

    (1)    The court order was dismissed because the child turned 18 and the child meets the requirements of Section 45-201.111; or

    (2)    The court order was dismissed because, in accordance with Section 45-203.311, the child was relinquished or a termination of parental rights of one or both parent(s) was granted and placement and care is with one of the agencies specified in Section 45-202.61.

**45-202        FEDERAL AFDC-FC PROGRAM** (Continued)                              **45-202**

.412   Removal by Voluntary Placement

(a)   The child shall be removed from the home of a parent or guardian as a result of a voluntary placement agreement.  This out-of-home placement of a minor without adjudication by the juvenile court shall occur only when both of the following conditions exist:

(1)   There is a mutual decision between the child's parent or guardian and the placing agency; and

(2)   There is a written binding agreement between either the county welfare department, a licensed public adoption agency or the Department acting as an adoption agency, and the parent or guardian of the minor.

**This page is intentionally left blank.**

45-202    **FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

    (b)    The voluntary placement agreement shall specify the legal status, rights and obligations of the child; the rights and obligations of the placing agency; the rights and obligations of the parent or guardian; and any other relevant factors.

    (c)    Time Limitations

        (1)    A child voluntarily placed shall be eligible for AFDC-FC payments for a period up to 180 days commencing with the date one of the listed agencies in Section 45-202.412(a)(2) assumes responsibility under a voluntary placement agreement and provided all other eligibility requirements are met.

        (2)    The voluntary placement agreement shall be signed prior to or at the time of placement and shall state the beginning date of placement and planned return date of the child to his/her home.  This period shall not exceed 180 days.

        (3)    A child voluntarily placed shall be eligible for AFDC-FC payments for subsequent voluntary placements.  However, a new 180-day period of eligibility for AFDC-FC payments shall commence only if the child's prior voluntary placement was previously terminated and the child was returned to his/her home.  Any subsequent placements shall meet the requirements of Sections 45-202.412(c)(1) and (2).

  .42    The income maintenance case record shall contain a statement from the placement worker, on the FC 2 form, which certifies that a copy of the court order or voluntary placement agreement is in the services case record.  If Section 45-202.411(c)(2) applies, the case record shall also contain a statement from the placement worker, on the FC 2, or a substitute form approved by the Department, which certifies that the child meets the requirements of Section 45-203.311.  This certification shall occur at the time of application, at redetermination of the child's AFDC-FC eligibility, and when there is a change in the authority for placement.

.5    Eligible Facilities

  .51    Except as provided in Section 45-202.52, the child shall be residing in one of the following eligible facilities:

    .511    The approved home of a relative, former relative, or nonrelative extended family member.

**45-202      FEDERAL AFDC-FC PROGRAM** (Continued)                        **45-202**

### HANDBOOK BEGINS HERE

(a)      Former relatives must be approved pursuant to Section 45-101(a)(2)(A) in order to receive federal AFDC-FC.

### HANDBOOK ENDS HERE

.512      A  family home licensed by the appropriate community care licensing agency.

.513      A certified family home certified as meeting licensing standards by a nonprofit foster family agency that is licensed by the department.

.514      A private, nonprofit group home licensed by the department, provided the placement worker has determined that such placement is necessary to meet the treatment needs of the child and that the facility offers those treatment services.

.515      A Transitional Housing Placement Facility licensed by the Department.

.516      A crisis nursery as defined by Section 45-101(c)(7).

.517      In the case of an Indian child, a facility specified in Section 45-202.511 through .515 or family home as defined in Section 45-101(a)(2)(C).

.518      In the case of a child placed out of the State of California, the child shall be placed in any of the following:

(a)      An appropriately licensed child care facility which accords the child the same personal rights accorded children as specified in Title 22 California Code of Regulations, Section 80072.

(b)      A certified out-of-state group home; or

(c)      An out-of-state group home which has not been certified by the Department but which has been approved by the Compact Administrator.

**45-202      FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

## HANDBOOK BEGINS HERE

Title 22 California Code of Regulations, Section 80072 provides the following conditions be met:

(a)      Each client shall have personal rights which include, but are not limited to, the following:

(1)      To be accorded dignity in his/her personal relationships with staff and other persons.

(2)      To be accorded safe, healthful and comfortable accommodations, furnishings and equipment to meet his/her needs.

(3)      To be free from corporal or unusual punishment, infliction of pain, humiliation, intimidation, ridicule, coercion, threat, mental abuse, or other actions of a punitive nature, including but not limited to interference with the daily living functions, including eating, sleeping or toileting; or withholding of shelter, clothing, medication, or aids to physical functioning.

## HANDBOOK CONTINUES

**This page is intentionally left blank.**

45-202      **FEDERAL AFDC-FC PROGRAM** (Continued)                          45-202

<hr>

### HANDBOOK CONTINUES

(4)    To be informed and to have his/her authorized representative, if any, informed by the licensee of the provisions of law regarding complaints including, but not limited to, the address and telephone number of the complaint receiving unit of the licensing agency, and of information regarding confidentiality.

(5)    To be free to attend religious services or activities of his/her choice and to have visits from the spiritual advisor of his/her choice.

    (A)    Attendance at religious services, in or outside of the facility, shall be on a completely voluntary basis.

(6)    To leave or depart the facility at any time.

    (A)    The licensee shall not be prohibited by this provision from setting curfews or other house rules for the protection of clients.

    (B)    This provision shall not apply to minors and other clients for whom a guardian, conservator, or other legal authority has been appointed.

(7)    Not to be locked in any room, building, or facility premises by day or night.

    (A)    The licensee shall not be prohibited by this provision from locking exterior doors and windows or from establishing house rules for the protection of clients provided the clients are able to exit the facility.

    (B)    The licensee shall be permitted to utilize means other than those specified in (7)(A) for securing exterior doors and windows only with the prior approval of the licensing agency.

(8)    Not to be placed in any restraining device.  Postural supports may be used if they are approved in advance by the licensing agency as specified in (8)(A) through (F) below.

<hr>

### HANDBOOK CONTINUES

**45-202      FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

**HANDBOOK CONTINUES**

(A)     Postural supports shall be limited to appliances or devices including braces, spring release trays, or soft ties, used to achieve proper body position and balance, to improve a client's mobility and independent functioning, or to position rather than restrict movement including, but not limited to, preventing a client from falling out of bed, a chair, etc.

　　　　1.     Physician-prescribed orthopedic devices such as braces or casts used for support of a weakened body part or correction of body parts are considered postural supports.

(B)     All requests to use postural supports shall be in writing and include a written order of a physician indicating the need for such supports.  The licensing agency shall be authorized to require other additional documentation in order to evaluate the request.

(C)     Approved postural supports shall be fastened or tied in a manner which permits quick release by the resident.

(D)     The licensing agency shall approve the use of postural supports only after the appropriate fire clearance, as required by Section 80020(a) or (b), has been secured.

(E)     The licensing agency shall have the authority to grant conditional and/or limited approvals to use postural supports.

(F)     Under no circumstances shall postural supports include tying of, or depriving or limiting the use of, a resident's hands or feet.

　　　　1.     A bed rail that extends from the head half the length of the bed and used only for assistance with mobility shall be allowed with prior licensing approval.  Bed rails that extend the entire length of the bed are prohibited.

**HANDBOOK CONTINUES**

**45-202**        **FEDERAL AFDC-FC PROGRAM** (Continued)        **45-202**

## HANDBOOK CONTINUES

    (G)    Protective devices including, but not limited to, helmets, elbow guards, and mittens which do not prohibit a client's mobility but rather protect the client from self-injurious behavior are not to be considered restraining devices for the purpose of this regulation. Protective devices may be used if they are approved in advance by the licensing agency as specified below.

        1.    All requests to use protective devices shall be in writing and include a written order of a physician indicating the need for such devices. The licensing agency shall be authorized to require additional documentation including, but not limited to, the Individual Program Plan (IPP) as specified in Welfare and Institutions Code Section 4646, and the written consent of the authorized representative, in order to evaluate the request.

        2.    The licensing agency shall have the authority to grant conditional and/or limited approvals to use protective devices.

    (9)    To receive or reject medical care, or health-related services, except for minors and other clients for whom a guardian, conservator, or other legal authority has been appointed.

  (b)    All clients, or their authorized representative(s), shall be personally advised of and given at admission a copy of the rights specified in (a)(1) through (9) above and in the applicable Personal Rights sections of Chapters 2 through 7.

  (c)    The information specified in (b) above shall be prominently posted in areas accessible to such clients and their visitors.

  (d)    The licensee shall ensure that each client is accorded the personal rights as specified in this section and the applicable sections of Chapters 2 through 7.

## HANDBOOK ENDS HERE

**45-202        FEDERAL AFDC-FC PROGRAM** (Continued)                          **45-202**

.519        Repealed by Manual Letter No. EAS-03-01 effective 1/18/03.

.52    An otherwise federally eligible child shall be eligible when placed in a public child care institution subject to the following conditions:

.521    AFDC-FC funding for a child placed in public child care institutions shall be limited as specified in (a), (b) or (c) below.  AFDC-FC funding may be continued beyond these time limits only when the child is moved to an eligible facility specified in Section 45-202.51 and all other requirements continue to be met.

(a)        AFDC-FC funding for emergency shelter care in a public child care institution shall be available for up to thirty days in any consecutive twelve-month period in lieu of Other County Social Services funds; or

(b)        AFDC-FC funding for emergency shelter care in public child care institutions identified as crisis nurseries that will provide care to children under the age of six years for up to 14 days in any consecutive twelve-month period unless the Department issues an exception; or

45-202        **FEDERAL AFDC-FC PROGRAM** (Continued)                    **45-202**

    (c)    AFDC-FC funding for nonemergency shelter care in a public child care institution shall be available for up to ninety days within any consecutive twelve-month period when;

        (1)    the child's placement in one or more eligible facilities has been unsuccessful as a result of the child's behavior and/or treatment needs; and

        (2)    the agency with placement and care responsibility has determined that no appropriate eligible facility as specified in .51 above, is available.

    .522    AFDC-FC funding shall be available under the provisions of .52 only during such federal fiscal year when no funding restriction exists.

.53    The income maintenance case record shall contain a statement from the placement worker, on the SOC 158A form which certifies that the child has been placed in one of the above eligible facilities. This certification shall occur at the time of application, at redetermination of the child's AFDC-FC eligibility, when the child is moved to a different facility and when there is a change in the licensing status of the facility in which the child has been placed.

.6    Placement and Care

.61    Responsibility for placement and care shall be vested in one of the following agencies:

    .611    A county welfare department.

    .612    A county probation department, provided there is in effect a written agreement with the county welfare department as specified in Chapter 29-400 that the services required in Section 45-201.4 shall be performed by the county probation department.

    .613    A licensed public adoption agency which is the same governmental agency as the county welfare department.

    .614    A licensed public adoption agency which is a governmental agency separate from the county welfare department, provided there is in effect a written agreement with the county welfare department as specified in Chapter 29-400 that the services required in Section 45-201.4 shall be performed by that adoption agency.

**45-202        FEDERAL AFDC-FC PROGRAM** (Continued)                         **45-202**

.615    A district adoptions office of the department, provided the services required in Section 45-201.4 are performed by the adoptions office.

.62    FFP shall not be available for children living with nonrelated legal guardians unless the juvenile court order remains in effect and specifies that responsibility for placement and care is vested in one of the agencies specified in .61 above.

NOTE:  Authority cited:  Sections 10553 and 10554, Welfare and Institutions Code.  Reference:  Sections 366.26, 11400(m), 11400(o), 11401(b) and (e), 11401(f), 11402, 11402.1, and 16507.4, Welfare and Institutions Code; Sections 7660 et. seq., 7800 et. seq., and 7911.1, Family Code; Section 1505, Health and Safety Code; Public Law 95-608; 25 USC 1915; Public Law 96-272; 45 CFR 1356.30; 42 U.S.C. 606; 42 U.S.C. 671; 42 U.S.C. 672(a)(2) and (4); Sections 80072, 84072, 84072.1, and 84072.2, Title 22, California Code of Regulations; Capitola Land et al. v. Anderson, 55 Cal. App. 4th 69, 63 Cal.Rptr.2d 717, (1997); and Anderson v. Superior Court, 68 Cal.App. 4th 1240, 80 Cal.Rptr.2d 891, (1998).

**45-203     STATE AFDC-FC PROGRAM**                                **45-203**

.1     Deprivation

   .11     A child shall be considered deprived of parental support or care when placed in foster care in accordance with a court order or a services determination of the need for foster care or when living with a nonrelated legal guardian.

.2     With Whom Child Must Be Placed

   .21     The child shall be placed with a nonrelative or be living with a nonrelated legal guardian.

---

**HANDBOOK BEGINS HERE**

   .211     No aid shall be paid on behalf of a child who is living in the same home as his/her birth or adoptive parent(s) as specified in Section 45-302.2.

**HANDBOOK ENDS HERE**

---

   .22     In the case of an Indian child, the child may be placed with a relative pursuant to the Indian Child Welfare Act.

.3     Authority for Placement

   .31     The child shall meet one of the following criteria:

      .311     The child shall either have been relinquished for purposes of adoption by one or both parents to a licensed public or private adoption agency, or to a district adoptions office of the department, or termination of parental rights of one or both parents shall have been granted.

**This page is intentionally left blank.**

45-203        **STATE AFDC-FC PROGRAM** (Continued)                                    **45-203**

.312    The child shall be living with a nonrelated legal guardian (see Special Provisions in Section 45-203.61).

.313    The child was placed pursuant to a court order which remains in effect and specifies:

(a)    That the responsibility for placement and care be vested in one of the agencies listed in Section 45-203.51; and

(b)    That continuance in the home of the parent, guardian, or relative from whom removed would be contrary to the child's welfare; and

(c)    That, if the child was placed into foster care on or after January 1, 1986, reasonable efforts have been made to prevent or eliminate the need for removal of the child from his or her home and to make it possible for the child to return to his or her home; or

.314    The child was placed by a parent or guardian under a voluntary placement agreement (see Special Provisions in Section 45-203.63).

.32    The authority for placement as described under .31 shall be considered to continue for a child aged 18, who was in placement under an authority for placement specified in .311 through .314 above prior to reaching age 18, provided the requirements of Section 45-201.111 are met.

.33    The income maintenance case record shall contain a statement from the placement worker, on the SOC 158A (11/88) form which certifies that:

.331    The child meets the authority for placement requirement in .311 above; or

.332    A copy of one of the following documents granting authority for placement is in the services case record:

(a)    Letters of Guardianship of the Person or of the Person and Estate.

(b)    The court order.

(c)    The voluntary placement agreement.

This certification shall occur at the time of application, at redetermination of the child's AFDC-FC eligibility and when there is a change in the authority for placement.

**45-203    STATE AFDC-FC PROGRAM** (Continued)                    **45-203**

.4    Eligible Facilities

.41    The child shall be residing in one of the following eligible facilities:

.411    The home of a nonrelated legal guardian, or the home of a former nonrelated legal guardian when the guardianship of a child who is otherwise AFDC-FC eligible has been dismissed due to the child's attaining age 18, which has been determined to be suited to the needs of the child by the social worker or probation officer.

.412    The approved home of a nonrelative extended family member.

.413    A family home licensed by the appropriate community care licensing agency.

.414    A certified family home certified as meeting licensing standards by a nonprofit foster family agency that is licensed by the department.

.415    A private, nonprofit group home licensed by the department, provided the placement worker has determined that such placement is necessary to meet the treatment needs of the child and that the facility offers such treatment services.

.416    In the case of an Indian child, a facility specified in Section 45-203.411 through .415 or family home as defined in Section 45-101(a)(2)(C).

.417    In the case of a child placed out of the State of California, the child shall be placed in either of the following:

(a)    An appropriately licensed child care facility which accords the child the same personal rights accorded children as specified in Title 22 California Code of Regulations, Section 80072;

(b)    A certified out-of-state group home; or

(c)    An out-of-state group home which has not been certified by the Department but which has been approved by the Compact Administrator.

**HANDBOOK BEGINS HERE**

See Section 45-202.517 for relevant part of Title 22, California Code of Regulations, Section 80072.

**HANDBOOK ENDS HERE**

.418    A crisis nursery as defined by Section 45-101(c)(7).

**45-203      STATE AFDC-FC PROGRAM** (Continued)                              **45-203**

.42     The income maintenance case record shall contain a statement from the placement worker, on the SOC 158A form that the child has been placed in one of the above eligible facilities.  This certification shall occur at the time of application, at redetermination of the child's AFDC-FC eligibility, when the child is moved to a different facility and when there is a change in the licensing status of the facility in which the child has been placed.

.5     Placement and Care

.51     Except for children living with nonrelated legal guardians or placed voluntarily prior to January 1, 1982, responsibility for placement and care shall be vested in one of the following agencies:

.511     A county welfare department.

.512     A county probation department, provided there is in effect a written agreement with the county welfare department, as specified in Chapter 29-400, that the services required in Section 45-201.4 shall be performed by the county probation department.

.513     A licensed public adoption agency which is the same governmental agency as the county welfare department.

.514     A licensed private adoption agency provided the services required in Section 45-201.4 are performed by the adoption agency.

.515     A licensed public adoption agency which is a governmental agency separate from the county welfare department, provided there is in effect a written agreement with the county welfare department, as specified in Chapter 29-400, that the services required in Section 45-201.4 shall be performed by that adoption agency.

.516     A district adoptions office of the department, provided the services required in Section 45-201.4 are performed by the adoptions office.

.6     Special Provisions

.61     Children with Nonrelated Legal Guardians

.611     A child living with a nonrelated legal guardian shall be eligible for AFDC-FC provided:

(a)     All general AFDC-FC requirements specified in 45-201.1 through 45-201.3 are met.

(b)     The state requirements specified in .1 and .4 above are met.

**45-203      STATE AFDC-FC PROGRAM** (Continued)                                **45-203**

      (c)    The legal guardian cooperates with the county welfare department in its provision of the social services specified in Section 45-201.4.  When the legal guardian is not cooperating, the provisions of Section 45-302.241 shall apply.

  .612   The county welfare department shall provide the social services specified in Section 45-201.4.

.62   (Repealed by Manual Letter No. 84-65.)

.63   Children in Voluntary Placement

  .631   After January 1, 1983, the decision regarding the need for a child's voluntary placement shall be made by the county welfare department, a licensed public or private adoption agency, or the department and shall not be delegated to any other individual or agency.

  .632   Time Limitations

      Except as provided in (a), (b), and (c) below, AFDC-FC funding for voluntarily placed children shall be available for a maximum of six months for each child provided all other eligibility requirements continue to be met.  The six months need not be one continuous voluntary placement.  If more than one placement occurs, the aggregate AFDC-FC payments for all the voluntary placements of the same child shall not exceed a total of six months.

      (a)    If placed voluntarily prior to January 1, 1981, the child shall be eligible for AFDC-FC payments provided all other eligibility requirements continue to be met.

      (b)    If placed voluntarily on or after January 1, 1981 and before January 1, 1982, the child may continue to receive AFDC-FC payments until January 1, 1982, provided all other eligibility requirements continue to be met.  After January 1, 1982, the provisions of .632 above shall apply.

      (c)    If the authority for placement changes from a voluntary placement to another authority for placement specified in Sections 45-202.4 or 45-203.31, the six-month time limitation no longer applies.

NOTE: Authority cited: Sections 10553 and 10554, Welfare and Institutions Code.  Reference: Sections 366.26, 11400(g) and (h), 11401(c), 11401(e), 11402, and 11402(c) and (d); Welfare and Institutions Code; Sections 7660 et. seq., 7800 et seq., and 7911.1, Family Code; and Public Law 95-608, 25 U.S.C. 1915.