EDMUND G. BROWN JR.
Attorney General of the State of California
KARIN S. SCHWARTZ
Supervising Deputy Attorney General
SUSAN M. CARSON, State Bar No. 135875
Supervising Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5580
 Fax:  (415) 703-5480
 E-mail: susan.carson@doj.ca.gov

Attorneys for Respondents John Wagner,
Director of Department of Social Services
and Department of Social Services

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSHUA LEONARD,**<br><br>　　　　　　　Plaintiff and Petitioner,<br><br>　v.<br><br>**JOHN WAGNER, Director, California Department of Social Services and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,**<br><br>　　　　　　　Defendants and Respondents. | No.  C 07 4490 JCS<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT**<br><br>Date:　January 18, 2008<br>Time:　9:30 a.m.<br>Courtroom:  A (15th Floor)<br><br>The Honorable Joseph C. Spero |

**INTRODUCTION**

Plaintiff opposes defendants' motion for leave to file a third-party complaint against the U.S. Department of Health and Human Services (USDHHS) on two grounds: he does not have standing in federal court and defendants' claim against USDHHS is not ripe because defendants have not exhausted their administrative remedies.[1] The exhaustion doctrine does not apply in situations such as the one here where it would be futile and purposeless to follow administrative procedure. What is at issue the legality of the "completion rule" under state and federal law under the state's Aid for Dependent Children -- Foster Care program, not whether the state is properly interpreting a federal statute or regulation. Therefore, there is nothing to be gained by requiring the state to first exhaust administrative remedies by filing a state plan amendment seeking to provide services outside the, waiting for the inevitable disapproval by USDHHS, and then filing an administrative appeal. USDHHS would be required to reject the amendment under the completion rule and/or deny any claim for FFP for benefits that the state may be ordered to pay if the court were to find the completion rule in violation of the Americans with Disabilities Act (ADA). As set forth below, plaintiff's contention that the court cannot grant defendants' motion for leave should be rejected.

**RELEVANT FACTS**

Under federal law, the foster care assistance program operates under the Aid for Families with Dependent Children provisions. ( 42 U.S.C.§ 672.) Former 42 U.S.C. section 606(a) defines "dependent child" for purposes of eligibility as one who is under the age of 18, or "at the option of the State, under the age of nineteen and a full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training) . . . ." This latter provision is commonly referred to as the "completion rule."

---

1. The issue of whether plaintiff has standing in this court has been fully briefed in defendants' opposition for remand and will not be repeated here. See Defendants' Opposition to Motion for Remand, Docket # 13.

Reply Memo ISO Motion For Leave To File A Third-Party Complaint         *Leonard v. John Wagner, et al.*
                                                                                        C 07 4490 JCS

2

California has opted to provide services to foster youth under age 19 who are full-time students and on track to complete their educational program prior to reaching age 19, and therefore, as is required under federal law, has adopted the completion rule. Welfare & Institutions Code section 11401 provides in pertinent part: "Aid in the form of AFDC-FC shall be provided . . . on behalf of any child under the age of 18 years, except as provided in Section 11403, who meets the conditions of [various subdivisions of section 11401]." Section 11403 provides that a child who is in foster care and attending high school or its equivalent on a full-time basis prior to his or her 18th birthday, may receive aid after his or her 18th birthday, so long as the child continues to reside in foster care, continues to be eligible for AFDC-FC payments, and continues to attend school on a full-basis, and "may reasonably be expected to complete the educational or training program or to receive a high school equivalency certificate, for his or her 19th birthday." Thus, the state statutes implementing the completion rule are in compliance with federal law under which the completion rule is an eligibility requirement for AFDC-FC benefits.

**ARGUMENT**

**PLAINTIFF'S CONTENTION THAT DEFENDANTS' CLAIM AGAINST USDHHS IS NOT RIPE MUST BE REJECTED**

Plaintiff contends that defendants' claim against USDHHS is not "ripe" essentially because defendants have not modified the state plan or yet made a claim for federal financial participation (FFP) "in its provision of AFDC-FC on behalf of foster youth with disabilities." Pet. Opp. at 8. Plaintiff asserts that the claim will only be ripe once DSS "(1) modifies its state plan in order to provide a reasonable modification to foster youth with disabilities, (2) asks the federal government to contribute FFP to the cost of providing the modification, and (3) is denied FFP." *Id*. In other words, according to plaintiff, defendants have failed to exhaust their administrative remedies and so cannot maintain an action against USDHHS now. Plaintiff's position reveals a fundamental misunderstanding of the process for claiming FFP, defendants' claim against USDHHS, and the applicable law. A state does not "modify" its state plan. It must file a state plan amendment with USDHHS which must approve or disapprove. 42 U.S.C. § 1316; 45 C.F.R. § 201.3. Under the federal completion rule, USDHHS would be precluded from approving such an amendment.

A party is not required to exhaust administrative remedies when to do so would be futile and purposeless. *Winterberger v. General Teamsters Auto Truck Drivers & Helpers Local Union 162*, 558 F.2d 923, 925 (9th Cir. 1977); see also *Costantino v. TRW, Inc.*, 13 F.3d 969, 975 (exhaustion of administrative remedies would be "purposeless, as well as futile and inadequate" where plaintiff's challenge was directed to the *legality* of the pension plan, not an *interpretation* of it). In a case remarkably like this one, the First Circuit held that it would be futile for the State of Connecticut to pursue administrative remedies regarding the allowance or disallowance of FFP where the plaintiff alleged that state law violated various federal and state law provisions. (*Kozera v. Spirito*, 723 F.2d 1003, 1010 (1st Cir. 1983).

In *Kozera*, plaintiff brought suit against Connecticut, claiming violations of federal and state law regarding eligibility provisions under the Aid to Families with Dependent Children (AFDC) program. Connecticut then filed a third-party complaint against USDHHS, alleging that the challenged state regulation was promulgated to conform to a federal statute and its implementing federal regulation. The third-party complaint also alleged that if the state regulation violated the federal Constitution, then so did the federal regulation to which the state regulation conformed. USDHHS moved to dismiss the third-party complaint, on several grounds, including failure to exhaust administrative remedies. The court rejected this contention, finding "that the goals underlying the exhaustion requirement would not be furthered by its application" to the case. *Id.* at 1009. The development of facts would not focus the issues for the court, nor could administrative hearings reverse the actions that the third-party complaint opposes. As the court found:

> Not only would requiring exhaustion in this case fail to serve the purpose of the exhaustion doctrine, it would delay adjudication of the parties' conflicting positions and potentially subject [Connecticut] to the incompatible commands of the state court and the federal government. Under the premise of the third-party complaint, the state court would prohibit [Connecticut] from attributing stepparent income in calculating AFDC eligibility, and [USDHHS] would continue to require such attribution as a necessary condition for [FFP]. [Connecticut] could ultimately obtain federal judicial review of the denial of federal funds, but a judicial rejection of [Connecticut's] attack on the federal regulation would leave [the state] in a permanent bind.

*Id.* at 1010.

The court also noted that its decision to reverse the district court's dismissal of USDHHS as a third-party defendant found support in "substantial policy considerations," including the fact

that AFDC "'was designed as a cooperative program of shared financial responsibility, not as a device for the Federal government to compel a State to provide services [or benefits] that Congress itself is unwilling to fund.'" *Id*. at 1011, quoting *Harris v. McRae*, 448 U.S. 297, 309 (1980).[2/]

Similarly, here, plaintiff contends that the state law "completion rule" violates the ADA. The "completion rule" was enacted to comply with the federal AFDC-FC eligibility requirement that permits foster youth to payments up to age 19, as long as the youth is a "full-time student in a secondary school (or in the equivalent level of vocational or technical training), if, before he attains age nineteen, he may reasonably be expected to complete the program of such secondary school (or such training) . . . ." (42 U.S.C. section 606(a) under the AFDC program.) In other words, the state statutes, the legality of which plaintiff challenges, mirror a federal eligibility requirement. If the court were to find that the state law "completion rule" violates the ADA and order defendants to provide foster care payments up to age 19 to foster youth with disabilities regardless of whether they are on track to finish their educational program by age 19, defendants will be in a bind, exactly like the one Connecticut faced in *Kozera*. In order to comply with the state court's order, they would be in violation of an AFDC-FC eligibility requirement, and at substantial risk of losing FFP. Indeed, USDHHS would be prohibited under the federal completion rule from reimbursing the state for any expenditures it would be ordered to make on behalf of foster youth with disabilities in order to comply with the ADA.

Under the circumstances, plaintiff's reliance on the *Johnson* and *Tinoco* cases to support their contention that defendants' third-party claim is not ripe are inapposite. Pet. Mot at 8. In both cases, the state filed suit against USDHHS, claiming that if they lost the action filed by plaintiff, then the court should order USDHHS to pay FFP to reimburse the state for the cost of complying with the judgment. In both cases, the court determined that the state's claims were speculative and not ripe.

///

///

---

2. Although *Harris* concerned the Medicaid program, the First Circuit found the observation to be "equally applicable to the AFDC program." *Kozera*, 723 F.2d at 1011.

Reply Memo ISO Motion For Leave To File A Third-Party Complaint         *Leonard v. John Wagner, et al.*
                                                                                              C 07 4490 JCS

For example, in *Tinoco*, plaintiff alleged that the Department of Health Services's treatment of State Disability Insurance payments as unearned income violated the Medicaid Act. DHS argued that this treatment was in compliance with federal statutes and regulations. DHS's third-party complaint against USDHHS requested the following:

> If plaintiff prevails against [the state] in the underlying complaint in this action and the Court orders [the state] to change their regulations and policies . . . the Court should also order [USDHHS] to provide federal financial participation to [the state] in any payments made to plaintiff or to the class she may represent, regardless of [USDHHS's] interpretation of federal statutes and regulations.

*Tinoco v. Belshé*, 916 F. Supp. 974, 983 (N.D. Cal. 1995). The court found that the third-party complaint must be dismissed because it was not ripe and the state lacked standing. "Currently, there is no justiciable controversy between the United States and [the state]. [The state's] claim is not ripe, because its suit is based on pure speculation that [FFP] may be withdrawn if this Court requires SDI to be treated as earned income under Medi-Cal. This is contrary to HHS regulations, which require FFP in State expenditures '[f]or services provided within the scope of the Medicaid Program and made under a court order.' 42 C.F.R. § 431.250(b)(2). Absent evidence to the contrary, this Court must presume that HHS will act within the law." *Id*. (citations omitted.) In other words, the third-party complaint sought to have the court order USDHHS to pay FFP if the state lost the claim asserted by plaintiff. The court held that there was not yet a controversy between the state and USDHHS because it was not at all clear that USDHHS would decline to pay FFP.[3]

Unlike in *Tinoco* and *Johnson*, defendants' filed the third-party complaint against USDHHS in order that the legality of the "completion rule" for the AFDC-FC program be determined in one action. If the state rule violates the ADA so does the federal rule. As the *Kozera* court recognized: permitting the third-party complaint to go forward and maintaining the suit in federal court allow the adjudication of the interests of all parties – plaintiffs, the state, and USDHHS -- in one proceeding. "This will serve the interests of judicial efficiency. In addition, the federal

---

3. The *Tinoco* court noted that the case was "virtually indistinguishable from *Johnson*", the other case upon which plaintiff relies. 916 F. Supp. at 983. In that case, the state's third-party complaint was rejected in part because it was not ripe. "[I]t is not now certain that California will ever face a disallowance [for FFP] or other penalty for complying with the terms of the consent judgment" with plaintiffs. *Johnson v. Rank*, 110 F.R.D. 99, 101 (N.D. Cal. 1986).

court system has presumably developed some relevant expertise, not from any inherent capacity but from recurring exposure to beneficiary suits within the labyrinthian AFDC statutory and regulatory scheme." 723 F.2d at 1011-1012.

## CONCLUSION

Therefore, this court should grant defendants' motion for leave to file the third-party complaint against USDHHS. That will allow the legality of the federal and state completion rules to be determined at the same time. As set forth above, nothing would be gained by requiring defendants to exhaust administrative remedies before they could bring suit against USDHHS.

Dated: October 12, 2007

    Respectfully submitted,

    EDMUND G. BROWN JR.
    Attorney General of the State of California

    KARIN S. SCHWARTZ
    Supervising Deputy Attorney General


    /s/ **SUSAN M. CARSON**
    SUSAN M. CARSON
    Supervising Deputy Attorney General

    Attorneys for Respondents

40178957.wpd