1  Angela Schwartz (Bar No. 234650)
   Stephen Ronfeldt (Bar No. 41044)
2  THE PUBLIC INTEREST LAW PROJECT
   449 15th Street, Suite 301
3  Oakland, CA 94612-2038
   Tel.: (510) 891-9794
4  Fax: (510) 891-9727
   Email: aschwartz@pilpca.org
5          sronfeldt@pilpca.org

6  Alice Bussiere (Bar No. 114680)
   Corene Kendrick (Bar No. 226642)
7  YOUTH LAW CENTER
   200 Pine Street, Suite 300
8  San Francisco, CA 94104-2741
   Tel.: (415) 543-3379
9  Fax: (415) 956-9022
   Email: abussiere@ylc.org
10         ckendrick@ylc.org

11 Richard A. Rothschild (Bar No. 67356)
   Nu Usaha (Bar No. 190094)
12 WESTERN CENTER ON LAW AND POVERTY
   3701 Wilshire Boulevard, Suite 208
13 Los Angeles, CA 90010-2809
   Tel.: (213) 487-7211
14 Fax: (213) 487-0242
   Email: rrothschild@wclp.org
15         nusaha@wclp.org

16 Attorneys for Petitioner/Plaintiff Joshua Leonard

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LEONARD,<br><br>    Petitioner/Plaintiff,<br><br>vs.<br><br>JOHN WAGNER, Director, California Department of Social Services; and CALIFORNIA DEPARTMENT OF SOCIAL SERVICES,<br><br>    Respondents/Defendants. | Case No.: C07 4490 JCS<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**<br><br>DATE:    January 18, 2008<br>TIME:    9:30 a.m.<br>PLACE:  Court Room A, 15th Floor<br>JUDGE:  Honorable Joseph C. Spero |

**INTRODUCTION**

Defendants improperly removed this action and, in their Opposition to Plaintiff's Motion to Remand, allege without any basis that Plaintiff or the organization he works for is suffering pecuniary loss due to the challenged state rule. *See* <u>Defendants' Opposition to Plaintiff's Motion for Remand</u> at 4 (hereinafter <u>Def. Opp.</u>). However, Defendants' conjectures, inferences, and suppositions do not overcome the fact that Plaintiff lacks federal standing as he "chose to sue on behalf of the general public or as [a] taxpayer[]." *Brain Injury Policy Institute v. Shewry*, 2006 WL 2237732, at *4 (N.D.Cal. 2006) (hereinafter *BIPI*). California Code of Civil Procedure sections 526a and 1085 specifically authorize *state* taxpayers or members of the public to bring suit in *state* court against *state* agencies to abide by their public duties with limited standing requirements. Accordingly, Plaintiff's state court petition need not, and does not, allege that he suffered a personal or direct injury resulting from Defendants' unlawful discrimination against foster youth with disabilities in its provision of State Aid to Families with Dependent Children-Foster Care ("AFDC-FC") benefits.

Defendants fail to cite, let alone distinguish, this Court's decision in *BIPI*, a nearly identical case, which rejected removal due to the lack of standing by a plaintiff who, as in this case, is the head of an organization but did not bring suit on behalf of his organization or plead facts establishing Article III standing. Instead, Defendants rehash and repeat verbatim arguments and cases that were squarely rejected in *BIPI*. None of Defendants' arguments has merit:

- Defendants erroneously suggest that "beneficial interest" in a California case is identical to Article III standing, ignoring the holding of federal and state case law on point. *See BIPI*, 2006 WL 2237732 at *4; *Green v. Obledo*, 29 Cal.3d 126, 144 (1981).

- Defendants allege that Plaintiff and/or the organization for which he works has suffered financial losses due to the challenged state rule, although no such allegation was made in the complaint and such an assertion is irrelevant, given that Plaintiff did not bring this action on behalf of his organization. *See BIPI,*

        2006 WL 2237732 at *4 (It is "appropriate to limit… review on standing to the face of the complaint").

- Defendants' third-party complaint cannot salvage the lack of Article III standing, is not ripe for judicial review, and, contrary to Defendants' assertions, does not involve an indispensable party.

Remand of this case is necessary because Plaintiff lacks federal standing, as he is litigating under state statutes designed for state citizens and taxpayers to sue in state court on behalf of the general public. Plaintiff's Motion for Remand should be granted.

### I. Remand is Mandatory As Plaintiff Does Not Have Article III Standing

#### A. Remand is Mandatory When a Federal District Court Lacks Subject Matter Jurisdiction

Federal court jurisdiction is limited by the case-or-controversy requirement of Article III of the U.S. Constitution, *Flast v. Cohen*, 392 U.S. 83, 94 (1968), and standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Further, Article III requirements are "rigorous" and those "who do not possess Art. III standing may *not* litigate" in federal court. *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 475-76 (1982) (emphasis added). Thus, when a plaintiff lacks federal court standing, he cannot remain in federal court, even if the case involves a federal question or meets other federal jurisdictional requirements. Indeed, federal standing requirements are much more restrictive than California's standing requirements, and a plaintiff may very well have standing in state court, even when he does not have standing in federal court. This is because "California's Constitution, unlike its federal counterpart, does not contain a 'case or controversy' limitation on the judicial power…. Therefore, restrictive federal rules of justiciability do not necessarily apply in state courts. In particular, there are two related rules of standing applicable in state court actions that are contrary to the rules in federal courts-the right to maintain an action as a taxpayer, and the right to maintain an action as a citizen." *Connerly v. State Personnel Board*, 92 Cal. App. 4th 16, 29 (Ct. App. 2001) (citations omitted). Thus, when federal court standing is lacking, this Court, as

well as numerous other courts, has held that the case must be remanded to state court. *BIPI*, 2006 WL 2237732 at *1; *Mortera v. North Amer. Mortgage Co.*, 172 F. Supp. 2d 1240, 1242-44 (N.D.Cal. 2001); *Langford v. Gates*, 610 F. Supp. 120, 121-23 (C.D.Cal. 1985); *see also Maine Ass'n of Interdependent Neighborhoods v. Commissioner, Maine Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989).

Defendants unconvincingly attempt to distinguish these cases and, most notably, fail to acknowledge *BIPI*, in which this Court held that "plaintiffs lack Article III standing, and that this case should be remanded… [because] [t]he complaint does not allege any injury to BIPI or any of the individual plaintiffs, and instead expressly alleges that each plaintiff brings suit on behalf of the general public and/or as a taxpayer." *BIPI,* 2006 WL 2237732 at *3; <u>Def. Opp.</u> at 6-7. As to the cases that Defendants do attempt to distinguish, Defendants' focus on the state statute by which the state claim was brought is misplaced. *Toxic Injuries Corp. v. Safety-Kleen Corp.*, 57 F. Supp. 2d 947, 952-53 (C.D.Cal. 1999) (remanded action brought by California taxpayers under Cal. Code Civ. Proc. § 526a); *Mortera,* 172 F. Supp. 2d at 1242-44 (remanded action brought by plaintiffs challenging unlawful business practices under Cal. Bus. & Prof. Code § 17200); *Langford,* 610 F. Supp. at 121-23 (remanded action brought under a private attorney general provision of the Safe Drinking Water and Toxic Enforcement Act). It makes no difference that, in these three cases, the plaintiffs sued under different state law provisions from the ones used by Plaintiff in the instant action. What is relevant is that each of these statutes, like the two that Plaintiff brought suit under in the present case, conferred state court standing, and plaintiffs lacked Article III standing. *BIPI,* 2006 WL 2237732 at *3.

Like these statutes, Cal. Code Civ. Proc. § 1085 also confers broad standing on beneficially interested parties and "while it may generally be true that one who has standing to seek a writ of mandate also has Article III standing, the two types of standing are not always equivalent." *BIPI,* 2006 WL 2237732 at *4, *citing Green,* 29 Cal.3d at 144. Indeed, in *Green*, the California Supreme Court made clear that a person suing a state agency "'need not show that he has any legal or special interest in the result, since it is sufficient that he is interested as a citizen in having the laws executed and the duty in question enforced.'" *Green*, 29 Cal.3d at

4

144, *quoting Board of Social Welfare v. County of L.A.*, 27 Cal.2d 98, 100-101 (1945). The instant action falls under the "public right/public duty" exception carved out in *Green,* and thus, Plaintiff has standing to challenge the State's action under § 1085 even though he has not alleged an injury-in-fact. *See, Green,* 29 Cal.3d at 144-145 ("There can be no question that the proper calculation of AFDC benefits is a matter of public right"). Thus, remand in the instant action is mandatory because Plaintiff has not alleged an injury-in-fact and, thus, does not have standing in federal court.

### B. The Facts Alleged in the Complaint Filed in State Court Are Not Sufficient to Establish Article III Standing

Courts require specifically pled facts, rather than generalized statements, in order to show Article III standing requirements have been met, and thus Defendants' speculative arguments, non-factually based inferences, and conjectures as to the ways in which Plaintiff might have asserted standing must be rejected. *See BIPI*, 2006 WL 2237732 at *2 ("Standing will not be found where speculative inferences are necessary to establish injury or a connection between the alleged injury and the act challenged."), *citing Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45 (1976) *and Johnson v. Weinberger*, 851 F.2d 233, 235 (9th Cir. 1988); *see also Lujan*, 504 U.S. at 560 (describing three prong test for Article III standing). Further, the "burden of establishing constitutional standing rests with the party invoking federal jurisdiction." *BIPI,* 2006 WL 2237732 at *2, *citing Lujan*, 504 U.S. at 561.

Here, Plaintiff has not pled specific facts in the Complaint sufficient to meet the requirements of Article III standing. Defendants allege Plaintiff has Article III standing simply because the Complaint generally states that he has a "beneficial interest" in the state providing a reasonable modification to the state's AFDC-FC program that would permit foster youth with disabilities to spend another year in foster care. Def. Opp. at 3-4. However, this Court has made clear that the general reference to "beneficial interest" in the Complaint, pursuant to California Code of Civil Procedure § 1085, is not an allegation of fact that automatically meets Article III requirements. *See, BIPI*, 2006 WL 2237732 at *4; *see also, Green*, 29 Cal.3d at 144. In the instant action, Plaintiff has not alleged any legal or special interest in the outcome of the

litigation, and thus, adopting Defendants' argument would be directly contrary to this Court's holding in *BIPI* and California Supreme Court cases that establish broader standing in California state courts when "the question is one of public right and the object of mandamus is to procure the enforcement of a public duty." *Green,* 29 Cal.3d at 144, *quoting Board of Social Welfare,* 27 Cal.2d at 100-101 (1945).

The cases that Defendants rely on are easily distinguishable. Defendants cite *Associated Builders & Contractors, Inc. v. San Francisco Airports Comm'n*, for the proposition that the beneficial interest standard normally governing writ of mandate actions is equivalent to the federal "injury in fact" test. 21 Cal.4th 352, 362 (1999). But that statement only governs in cases such as *Associated Builders* itself, which did not involve the exception for cases presenting a question of public right or the enforcement of a public duty. In the instant case, Plaintiff seeks no personal gain, but only seeks to have the law enforced for the benefit of the public. Thus, Plaintiff brings this suit in the same posture as the Plaintiffs in both *BIPI* and *Green,* as a citizen taxpayer seeking to enforce important rights of the general public, and has standing to sue in state court despite the fact that Plaintiff has not shown "any legal or special interest in the result." *Green,* 29 Cal.3d at 144.

### C. Plaintiff's Role as Executive Director of an Organization Serving Foster Youth With Disabilities Does Not Create Article III Standing

Nowhere in the Complaint is there any statement that the Plaintiff has suffered an injury-in-fact, let alone one that can be traced to the action challenged or that is likely to be addressed by the requested relief. Instead, the Complaint expressly states that "Leonard brings this action in his capacity as a beneficially interested party pursuant to Code of Civil Procedure § 1085 and as a citizen taxpayer pursuant to Code of Civil Procedure § 526a." Petition for Writ of Mandate at 4, attached as Exh. A to Defendants' Notice of Removal. Defendants mistakenly argue that Plaintiff has Article III standing because he is the Executive Director of Bay Area Youth Centers ("BAYC"), a nonprofit group that provides transitional living services to adolescent foster youth with disabilities. Def. Opp. at 1, 4-5. However, Plaintiff did not bring this action in his official capacity as the Executive Director of BAYC, on behalf of BAYC, or

1 on behalf of the children who BAYC serves. This is exactly like the Plaintiffs in *BIPI,* and in
2 that case, the state Defendants also attempted to construe a "beneficial interest" as an "injury in
3 fact." *BIPI,* 2006 WL 2237732 at *3. However, Defendants' reasoning was squarely rejected
4 by this Court, which held that because "[t]he complaint does not allege any injury to BIPI or
5 any of the individual plaintiffs, and instead expressly alleges that each plaintiff brings suit on
6 behalf of the general public and/or as a taxpayer," there was no federal standing. *Id.*

7       As in *BIPI*, Plaintiff does not allege any injury to himself and did not bring suit in his
8 capacity as the Executive Director of BAYC. *See Id.* ("Although [Plaintiff] could have filed
9 suit in his capacity as the Executive Director of OPTIONS, he did not, and instead filed suit
10 only in his individual capacity as a citizen and a taxpayer."); *see also Toxic Injuries*, 57 F.
11 Supp. 2d at 952-53 (Plaintiff lacked Article III standing because allegations rested on the legal
12 rights and interests of third parties and there was also no associational standing to sue).
13 Defendants cannot invent a financial interest or injury-in-fact when none has been alleged in
14 the complaint, and "it would be unwise for a court to assume a plaintiff has a sufficient
15 personal stake in the outcome of a case just because the defendant says so." *California*
16 *Consumers v. BMG*, 1997 U.S. Dist. LEXIS 20658, *9 (N.D.Cal. 1997) (remanding case to
17 state court).

18       The cases relied upon by Defendants are all distinguishable. Most notably, each case on
19 which Defendants rely was brought expressly on behalf of the organization or corporation, and
20 each organization or corporation alleged a financial stake in the outcome of the litigation. *See,*
21 *e.g., Bethesda Lutheran Homes & Services, Inc. v. Leean*, 122 F.3d 443, 444-45 (7th Cir. 1997)
22 (owner of a private residential care facility had standing to challenge state laws that "forbid it
23 to sell its services … or limit the prices it can charge"); *Wedges/Ledges of California, Inc. v.*
24 *City of Phoenix*, 24 F.3d 56, 59-60, 62 (9th Cir. 1994) (plaintiff business, alleging it had
25 suffered lost sales, profits, business opportunities and other economic harms due to a restrictive
26 licensing requirement on games it manufactured, had standing only with respect to claims
27 where the business was asserting "its own rights directly."); *Rothner v. City of Chicago*, 929
28 F.2d 297, 300-301 (7th Cir. 1991) (video game distributor, who alleged a direct financial stake

7

in the litigation and who had already independently established Article III standing, could sue to enforce the rights of children prohibited from playing video games by city ordinance). In each of these cases, the courts found standing because the organizations brought suit on their own behalf, had a direct financial stake and asserted their own rights. Unlike in those cases, Plaintiff has not brought suit on behalf of his organization and further has not alleged any personal financial impact upon him, let alone to the nonprofit organization that he runs.

Finally, Plaintiff did not, nor could he, bring a claim asserting concomitant rights of the third party foster children with disabilities given that his right to do so would require a determination that the foster children with disabilities are unable to bring such a claim themselves, which is not the case here. *Compare Wedges/Ledges*, 24 F.3d at 62. Thus, Defendants' reliance on *Craig v. Boren* is misplaced. 429 U.S. 190, 195 (1976) (appellant vendor with standing to challenge regulations was entitled to "assert those concomitant rights of third parties that would be diluted or adversely affected should her constitutional challenge fail and the statutes remain in force") (quotations omitted). Because Plaintiff brought suit expressly as a beneficially interested party and as a citizen taxpayer, and not on behalf of his organization or on behalf of the foster youth served by BAYC, and because Plaintiff did not allege any injury-in-fact or any financial stake in the outcome of the litigation, Plaintiff lacks Article III standing and this case must be remanded.

## II. Defendants' Pending Third-Party Complaint Does Not Salvage the Lack of Article III Standing

### A. Defendants' Pending Motion for Leave to File a Third-Party Complaint Against USDHHS Does Not Create Article III Standing for Plaintiff

Despite Defendants' inferences to the contrary, Defendants filing a third-party complaint will not salvage this case in federal court. *See,* Def. Opp. at 3. As detailed in Plaintiff's Opposition to Defendants' Motion for Leave to File a Third Party, because Leonard lacks Article III standing, requiring this action to be remanded to state court, there is no pending matter to which Defendants can adjoin a third-party complaint. *BIPI*, 2006 WL 2237732; *Maine Ass'n of Interdependent Neighborhoods*, 876 F.2d at 1054; *Owen Equipment & Erection*

1   *Co. v. Kroger,* 437 U.S. 365, 374 (1978).  Defendants cannot bootstrap a Plaintiff lacking
2   Article III standing into federal court by using third-party impleader.  *Aetna Casualty & Surety*
3   *Co. v. Spartan Mechanical Corp.,* 738 F. Supp. 664, 675 (E.D.N.Y. 1990) (while "Rule 14
4   should be construed liberally, it does not authorize the use of impleader for practices that
5   violate the limits of federal jurisdiction.") (quotations omitted).  In any event, Defendants'
6   third party motion is not ripe.  *Johnson v. Rank,* 110 F.R.D. 99, 102 (N.D.Cal. 1986) ("it is far
7   from certain in the present case that [the State] will ever face a disallowance of [Federal
8   Financial Participation (FFP)] …. This is so because several contingencies must occur before a
9   disallowance for FFP will result…. Since none of these contingencies has yet occurred, the
10  court finds that [the State] has not shown 'injury in fact' as required by Article III of the
11  Constitution") (citation omitted); *Tinoco v. Belshe,* 916 F. Supp. 974, 983 (N.D.Cal. 1995)
12  (holding that the third-party complaint was not ripe because it was "based on pure speculation
13  that [FFP] may be withdrawn").

### B.  USDHHS is Not An Indispensable Party

Defendants erroneously claim that the U.S. Department of Health and Human Services (USDHHS) is an indispensable party, asserting that Plaintiff's claims require "an interpretation of a provision of the federal AFDC-FC Act. ( 42 U.S.C.§ 672, citing former 42 U.S.C. section 606(a).)" Def. Opp. at 3. This is simply not true.  An interpretation of 42 U.S.C § 606(a) is not necessary to resolve Plaintiff's claim that the state foster care program fails to provide reasonable accommodations to foster youth with disabilities.  Whether California can claim FFP is not at issue in the instant action, and participation of USDHHS as a party is not necessary to determine whether the Defendants are violating federal and state disability law in their state foster care program.

In order to determine if a party is "indispensable," courts first analyze whether the party is "necessary" by determining whether "*complete relief* is possible among those already parties to the suit." *Makah Indian Tribe v. Verity,* 910 F.2d 555, 558 (9th Cir. 1990) (emphasis in original).  Here, USDHHS is not necessary, as the Plaintiff challenges implementation of a state

9

Reply In Support of Plaintiff's Motion for Remand                             No. C07 4490 JCS

statute, Cal. Welf. & Inst. Code § 11403, and Defendants' failure to make reasonable accommodations in its state foster care program for youth with disabilities. Federal law does not compel Defendants to structure its foster care program in a particular manner, and, indeed, for children who are not federally eligible, California is free to define State AFDC-FC eligibility criteria.[1] *See,* Cal. Welf. & Inst. Code § 11401. Thus, whether California can claim FFP is not relevant to Plaintiff's claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand should be GRANTED.

Dated:  October 12, 2007

Respectfully Submitted,

BY:   /s/  Angela Schwartz

Angela Schwartz
Stephen Ronfeldt
THE PUBLIC INTEREST LAW PROJECT

Alice Bussiere
Corene Kendrick
THE YOUTH LAW CENTER

Richard Rothschild
Nu Usaha
THE WESTERN CENTER ON LAW AND POVERTY

---

[1] In fact, the State has opted to provide AFDC-FC benefits to many youth who do not meet the federal requirements. For example, California provides AFDC-FC to children who do not meet the federal AFDC linkage requirements (42 U.S.C. § 672(a)(1)(B)) and to children placed with non-related legal guardians who do not meet the federal requirement that the child's placement and care are the responsibility of the State (42 U.S.C. § 672(2)(B)). Cal. Welf. & Inst. Code § 11401, California Department of Social Services, Eligibility and Assistance Standards, Manual of Policies and Procedures (MPP) § 45-200 *et seq*. Attached as Exh. A to Plaintiff's Opposition to Defendants' Motion for Leave to File a Third-Party Complaint.